### C. E. HERRICK v. TERRITORY.

No. 2159, Okla. T.   Opinion Filed February 20, 1909.

(99 Pac. 1096.)

1.   RAPE—Attempt to Commit—Indictment.   An indictment for an attempt to rape must allege that the attempt was made with intent to rape.

2.   SAME—Evidence—Sufficiency.   For facts which do not support a conviction for an attempted rape see opinion.

(Syllabus by the Court.)

*Appeal from District Court, Logan County; John H. Burford, Judge.*

C. E. Herrick was convicted of an attempt to commit rape, and he appeals. Reversed and remanded, with directions.

On the 4th day of December, 1906, C. E. Herrick (hereinafter called defendant) was indicted in the district court of Logan county for an attempt to commit rape. Upon the trial of said cause defendant was found guilty by the jury, and sentenced by the court to two years' confinement in the penitentiary. An appeal was taken, and the case is regularly before this court for review.

*Lawrence & Huston* and *Devereux & Hildreth,* for appellant.
*Charles L. Moore,* Asst. Atty. Gen., for the Territory.

FURMAN, PRESIDING JUDGE. First. The defendant assails the indictment because it does not allege an intent to commit rape. The charging part of the indictment is as follows:

"* * * That one C. E. Herrick, on the 20th day of August, in the year one thousand nine hundred six, in the said county of Logan, territory of Oklahoma, and then and there being, did then and there unlawfully, wilfully and feloniously attempt to accomplish the act of sexual intercourse with one Jenny Berry Ditter, she, the said Jenny Berry Ditter, then and there being a female of the age of eleven (11) years, of the opposite sex from and not the wife of him, the said C. E. Herrick, and which said attempt on the part of him, the said C. E. Herrick, was then and there made by him, the said C. E. Herrick, forcibly placing her the said Jenny Berry Ditter on the bed of him the said C. E. Herrick and he, the said C. E. Herrick, placing himself on top of her, the said Jenny Berry Ditter, and by him, the said C. E. Herrick, then and there endeavoring to make penetration in the person of her, the said Jenny Berry Ditter, with the private of him, the said C. E. Herrick, and which said attempt to accomplish the act of sexual intercourse with her, the said Jenny Berry Ditter, on the part of him the said C. E. Herrick, then and there failed, contrary to the statute in such case made and provided, and against the peace and dignity of the territory of Oklahoma."

The Attorney General, on behalf of the state, filed the following confession of error as to the insufficiency of the indictment:

"Comes now the Attorney General, and informs the court that he is of opinion that the indictment herein is fatally de-

fective, in that it fails to allege that the overt acts charged against the accused, laid as an attempted rape, were by him committed; with the intent to commit the crime of rape. Should the court concur in this view of the law, it is hereby confessed for and upon behalf of the state, ·as defendant in error, that the judgment of the trial court should be reversed, and the cause remanded with proper instructions. Chas. West, Attorney General. Chas. L. Moore, Asst. Atty. Gen."

It is the opinion of the court that the indictment is fatally defective in failing to charge that the alleged attempt was made with intent to commit rape. It is true that this intent may be inferred from the facts stated in the indictment; but the strictest rule of pleading is required in indictments. They must be certain to a certain intent in every particular. Nothing must be left to intendment, inference, or argument. Every element of the offense must be charged in clear, direct, and affirmative language, and every presumption of innocence must be negatived in the same manner. These principles are elementary, and it is not necessary to cite authority to sustain them.

Second. The defendant contends that the verdict of the jury is not supported by the evidence. While it is true that this court looks with detestation and horror upon the crime with which this defendant is charged, yet we cannot allow our prejudices or sympathies to interfere with, or in the least degree influence, our action in the discharge of our duty. The graver and more infamous the crime charged, the more careful juries and courts should be to act with caution and deliberation, and to require legal· evidence of the charges made. Sympathy and sentiment are all right in their places, but they cannot constitute a legal basis for a verdict in a court of law. In such trials there is no substitute for evidence. In this case the entire evidence for the prosecution is far from satisfactory, so far as the charge before the court is concerned. Dr. A. L. Blesh, a witness introduced by the prosecution, testified as follows:

"Q. Did you make an examination, a physical examination of the Ditter girl about that time. A. Yes, sir. Q. That is this lit-

tle girl here? A. Yes, sir; that is Jennie Berry. Q. You may state the nature of your examination, and what your object was. A. I examined her to see whether there was any marks of violence upon her person or upon her sexual organs, and after a very careful examination I could find none whatever. Q. You could find no evidence of penetration? A. No evidence of penetration or violence of any sort."

Cross-examination by Mr. Huston:

"Q. Was there any enlargement or soreness? A. Absolutely none. She was a perfectly normal child of her age. Q. No evidence of any friction or handling of the parts? A. None whatever. Q. Was there any evidence of any attempts having ever been made by any one to enter her parts? A. There was positively no attempt made that involved any degree of force at all, because there was no mark upon the person of the child, which would necessarily have been there had penetration been attempted by an adult man. Q. Well, Doctor, take a child of that age, are those parts very tender and susceptible of being bruised or made sore by any handling or effort to make a penetration? A. Yes, sir; they are very susceptible to it, and, if there is any force used at all, if the examination is recent at all, it will be in evidence. Q. When did you make this examination, Doctor? A. I made this examination to the best of my recollection, I think, the day before I examined the little girl's drawers. Q. You think the day before you examined the drawers? A. That is my recollection of it. It might have been the same day, but I think it was the day before. Q. When did you make the examination with reference to when it was claimed by the girl or her mother that the act had occurred? A. I think very shortly after, within possibly 24 or 48 hours. I know it was very recent. Q. Probably the next day, do you think? A. Probably so. I wouldn't want to be positive upon that point, but I know it wasn't long."

This witness was introduced by, and his testimony constitutes a part of the evidence for, the prosecution. From this evidence it is clear that no attempt was made by the defendant to penetrate the private parts of the complainant.

That the defendant may have been guilty of an assault upon the complainant of a most indecent character may be true, but it matters not how reprehensible his conduct may have been this

court cannot allow a judgment of an attempted rape to stand against him in the absence of evidence to that effect. If such had been his purpose in this case, nothing intervened to stop him or to prevent his carrying such a design into effect. Take this, in connection with the condition of the private parts of the complainant, as testified to by the physician who examined her at the request of the county attorney, and to our minds there is an utter want of evidence of such an intention to support the charge of attempted rape. We do not desire to be understood as holding that the private parts of the complainant must show injury or penetration in order to constitute an attempt to rape. When the evidence clearly shows such an intention, coupled with an attempt to carry the intention into execution, and if, for any reason, the defendant is prevented from accomplishing his purpose, then the offense is complete. But there must have been an intention to have carnal intercourse with a female before an attempt to rape can be committed. It is one thing to take indecent liberties with a female. It is entirely another and different thing to attempt to rape her. The strongest view for the prosecution in this case shows indecent familiarities of a reprehensible and infamous character, which cannot be too severely condemned and punished, but this constitutes another and a different offense from that for which defendant was convicted.

For the reasons above given, the case is reversed and remanded, with directions to sustain the objections to the indictment.

BAKER and DOYLE, JUDGES, concur.