### T. P. BRUMLEY v. STATE.

#### No. A-3543—Opinion Filed Nov. 10, 1920.

#### (193 Pac. 49.)

Appeal from County Court, Atoka County; J. M. Humphreys, Judge.

T. P. Brumley was convicted of the crime of manufacturing whisky, and he appeals. Reversed and remanded.

J. H. Gernert, for plaintiff in error.

S. P. Freeling, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen, for the State.

PER CURIAM. This is an appeal from a judgment of conviction rendered against defendant in the county court of Atoka county on the 15th day of February 1919, for manufacturing whisky, the defendant being sentenced to serve a term of six months' imprisonment in the county jail and to pay a fine of $500. From this judgment he has appealed, and contends that the evidence is wholly insufficient in law to sustain the conviction.

With this contention the court is impelled to agree. Defendant was charged with the crime of manufacturing whisky, and an examination of the record discloses evidence tending to establish an attempt only to manufacture whisky. There is an entire absence of proof in the record that defendant, although it might reasonably be inferred from the evidence that he was engaged in the process of distilling whisky, ever made any of the finished distilled product known as whisky, as charged in the information.

Under section 5923, Revised Laws 1910, defendant could be charged with the commission of an offense, and convicted only of an attempt to commit the offense In this case, however, the jury was not instructed that defendant could be convicted of an attempt to commit the offense, and the verdict finds defendant guilty of the crime of manufacturing whisky, and the judgment conforms to the verdict. Had the theory of defendant's guilt of an attempt to commit the offense charged been submitted to the jury there would be reason for holding

the evidence insufficient to sustain such a conviction. However, as this was not done, and as the evidence falls short of showing a completed crime, the judgment of conviction must be reversed because of insufficient evidence to sustain it.

It is ordered, therefore, that the judgment of conviction be, and the same is hereby, reversed, and the cause remanded to the trial court for further proceedings not inconsistent with this opinion.