## D. H. DUBOIS v. STATE.

No. A-4187.   Opinion Filed Dec. 26, 1922.
(210 Pac. 1043.)

(Syllabus.)

1. **Rape—Fact that Accused and Prosecutrix not Married Shown by Circumstantial Evidence.**—In a prosecution for rape, the fact that defendant and prosecutrix were not married to each other may be established by circumstantial evidence. For circumstantial evidence held to be sufficient on this point, see body of opinion.

2. **Evidence—Best Evidence Rule.**—It is a well-established rule of the law of evidence that the best evidence must be produced of which the nature of the case is capable.

3. **Evidence—Evidence of Act Committed in Presence of Witness Primary.**—Where the proprietor of a hotel testified that defendant, with the prosecutrix in witness' presence, registered at the hotel under the name of "M. L. Smith and wife," such evidence is primary. The witness was not testifying to the contents of the hotel register, but to the act of defendant committed in her presence.

4. **Rape—Proof of Penetration Essential.**—Proof of penetration is essential, where the conviction is for rape.

5. **Same—Sufficiency of Evidence to Submit Offense of Attempt to Rape.**—Where the prosecutrix denies the commission of the crime, and the state's evidence on the question of penetration is entirely circumstantial, and not such as to preclude every reasonable hypothesis other than guilt, but the evidence is sufficient to justify a conviction of attempted rape, it is the duty of the trial judge to submit to the jury the question of defendant's guilt of the necessarily included attempted offense.

6. **Appeal and Error—Reversal—Insufficiency of Evidence.**—Where the trial judge fails to submit the question of defendant's guilt of the attempted offense, and the evidence falls short of showing a completed crime, the judgment of conviction must be reversed because of insufficient evidence to sustain it.

Appeal from District Court, Le Flore County; E. F. Lester, Judge.

D. H. Dubois was convicted of rape in the second degree, and he appeals. Reversed and remanded.

Neal & Neal, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

MATSON, J. This is an appeal from the district court of Le Flore county wherein defendant D. H. Dubois was convicted of rape in the second degree, and his punishment assessed at a term of 15 years' imprisonment in the state penitentiary. Several alleged errors are assigned, chiefly relating to the failure of the state to prove the material elements of the offense.

First, it is alleged that there is no sufficient proof that defendant and prosecutrix were not husband and wife. The proof on this issue is slight. No direct evidence was offered by the state, although witnesses were introduced who apparently could have testified from personal knowledge that defendant and prosecutrix were not married to each other. However, in view of the fact that the record discloses that prosecutrix was under the marriageable age, was going by a different name than that of defendant, had been living with her father up to the time of the alleged commission of the offense, etc., we think the circumstantial evidence on this issue is sufficient. We suggest, however, that if a subsequent trial be had of this case the question of whether or not defendant and prosecutrix were married be established with more certainty.

It is also contended that the trial court erred in permitting the proprietor of the hotel, where this offense was alleged to have occurred, to testify that, shortly before defendant and prosecutrix were found there in a room together, defendant registered, for the purpose of obtaining a room, as "M. L. Smith and wife." It is urged that the hotel register was the best evidence of its contents, and that secondary evidence was

inadmissible, without some preliminary showing that the best evidence was unobtainable.

While it is a well-established rule of the law of evidence that the best evidence must be produced of which the nature of the case is capable, the mistake of defendant's counsel here is in the application of the rule to the testimony produced. The witness was not testifying to the contents of the hotel register. She was testifying to a fact of which she had personal knowledge, an act on the part of defendant that occurred in her presence.

While the hotel register was the best evidence, perhaps, that the names "M. L. Smith and wife" were contained in it, it was not independent of supplemental proof, evidence of the fact that defendant had written "M. L. Smith and wife" there. Oral testimony of this act of defendant, committed in the presence of the witness, was primary evidence, was the best evidence obtainable under the circumstances, and the trial court did not err in permitting the witness to testify to that fact, as she remembered the occurrence independently of the hotel register, and did not need it even for the purpose of refreshing her recollection.

It is also contended that "the trial court erred in refusing to advise the jury to return a verdict of not guilty." This assignment presents the question of the sufficiency of the evidence to sustain the conviction. There is no proof of penetration. Proof of penetration is essential, where the conviction is for rape. Section 1836, Comp. Stats. 1921. At most the evidence on this point (which is entirely circumstantial) discloses an intention to commit rape, with overt acts evidencing such intent. The prosecutrix, as a witness, denied the commission of the offense by the defendant, and the state's evidence on this point does not preclude every reasonable hypothesis, other than that penetration was accomplished.

While the evidence is in the opinion, of the court amply sufficient to justify a conviction of attempted rape, this theory of the case was not submitted to the jury. The jury returned a verdict of guilt of rape in the second degree, fixing the punishment at 15 years' imprisonment in the state penitentiary. The judgment conforms to this verdict returned. Under section 2740, Comp. Stats. 1921, a defendant charged with rape may be convicted of the attempted offense.

Where the evidence, as in this case, falls short of proving the completed offense, the trial judge should, and it is the duty of the trial judge to, submit to the jury the question of defendant's guilt of the necessarily included attempted offense. Where this is not done, and the evidence falls short of showing a completed crime, the judgment of conviction must be reversed, because of insufficient evidence to sustain it. Brumley v. State, 18 Okla. Cr. 705, 193 Pac. 49.

For reasons stated, the judgment is reversed, and the cause remanded to the district court of Le Flore county for further proceedings not inconsistent with this opinion. The warden of the state penitentiary is hereby directed to surrender the defendant to the sheriff of Le Flore county upon proper demand.

DOYLE, P. J., and BESSEY, J. concur.