## J. C. WILSON v. STATE.

No. A-4554. Opinion Filed Nov. 15, 1924.
(230 Pac. 279.)

(Syllabus.)

**Intoxicating Liquors—Manufacturing Whisky—Proof of Mere Preparations Insufficient.** Where one is charged with the illegal manufacturing of whisky, the accused cannot be convicted of that offense on a mere showing that he was preparing to make whisky.

Appeal from County Court, Cotton County; J. C. Norman, Judge.

J. C. Wilson was convicted of manufacturing intoxicating liquor, and he appeals. Reversed and remanded.

D. B. Madden and Walter Hubbell, for plaintiff in error.

The Attorney General, and G. B. Fulton, Asst. Atty. Gen., for the State.

BESSEY, J. J. C. Wilson, plaintiff in error, here referred to as the defendant, was charged with the manufacture of spirituous liquor. At the trial, on November 15, 1922, he was found guilty as charged, the jury assessing his punishment at confinement in the county jail for a period of 30 days, and to pay a fine of $50.

In this case the Attorney General has filed a confession of error, and an examination of the record discloses that the confession of error is well taken. The evidence shows that

certain peace officers went to the farm home of the defendant, and there found locked in a granary a barrel of ground grain in process of fermentation. They also found there a small keg, which the officers said appeared to be a salt mackerel keg, which might have been used as a condenser. No still was found, nor any parts of a still, and no liquor of any kind suitable for use as a beverage. The most that could be presumed from all the facts shown is that the defendant may have been preparing to make whisky, possibly not sufficient to constitute even an attempt.

The court instructed the jury as follows:

"You are instructed that, if you believe from all the testimony and circumstances proven in this case, to your satisfaction, beyond a reasonable doubt, the defendant, J. C. Wilson, did on or about the 16th day of September, 1922, manufacture spirituous liquor, *or if you find from the evidence and circumstances proven in this case to your satisfaction beyond a reasonable doubt that the defendant, J. C. Wilson, did on or about the date aforesaid, attempt to manufacture spirituous liquor, then you should find the defendant guilty.* Otherwise, you should find the defendant not guilty."

The italicized part of this instruction was a misstatement of the law, misleading and prejudicial.

Where the jury was not instructed that they might find the accused guilty of manufacturing whisky, or that they might find him guilty of the lesser attempt of attempting to manufacture whisky, a conviction of the completed offense will be reversed, when the evidence shows only an attempt, or a mere preparation to commit the offense. Brumley v. State, 18 Okla. Cr. 705, 193 Pac. 49; section 2740, Comp. Stat. 1921.

The judgment of the trial court is reversed, and the cause remanded.

MATSON, P. J., and DOYLE, J., concur.