## COE THOMPSON v. STATE.

No. A-8709. Sept. 14, 1934.
(35 Pac. [2d] 971.)

Robert N. Allen, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen. (Hester Atherton Gifford, of counsel), for the State.

EDWARDS, P. J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Bryan county of robbery with firearms and was sentenced to serve a term of 50 years in the state penitentiary.

At the time charged the First State Bank of Bokchito was entered by two persons, and at the point of a pistol the employees of the bank were forced to lie on the floor, the bank was robbed, and more than $1,400 taken. Defendant was identified by the bank employees and by two customers who entered the bank during the commission of the robbery as the person who held the pistol. Also by one Walters, who on the forenoon of that day, while driving an automobile, was taken into custody by defendant and his companion and held a prisoner. They drove near the town of Bokchito, forced Walters to go under a culvert where they left him, telling him not to leave or a guard nearby would kill him, and they then left with his car. Also he was identified by other witnesses who testified they saw defendant leaving the bank with the money immediately after the robbery and by two witnesses as being at a hotel in Durant the night before the robbery, as was his companion in crime, each using a fictitious name. This is an unusually full and definite identification. The defense is alibi.

The contention is that there is error in admission of testimony for the state. This is directed to several items. In one instance Mrs. Nichols, for the state, testified to seeing defendant at a certain place on the preceding day to the robbery. This tends to contradict the defense of alibi. It appears this witness was an unlearned country woman. Her language is emphatic and somewhat picturesque. When cross-examined she amplified her answers by illustration and remarks, for instance:

"Q. You are Coe Thompson's enemy, are you not? A. I shore am and I couldn't be anything else because he—* * * A. I got a right to be his enemy when my son was murdered in Coe Thompson's house and was bit and cut all to pieces and turned over to me as bloody as a hog—

Q. You are Coe Thompson's enemy? A. Listen, so help me God, if I had to send him to the penitentiary by swearing a lie to send him there I wouldn't do it. This is my first time on the stand and I wouldn't swear a lie for anybody— Q. You have never done anything wrong? A. I may have in my life, but I ain't now, no, sir, I am telling the truth and you can go down in that country and just get anybody and they will tell you about me—* * * Q. How many children have you had before you were married? A. Not any. I didn't—* * * A. No, sir, I never had any children before I was married and I have lived in that settlement for forty years and have all ways tried to live right and raise my family and you can go down there and find out what I am telling is the truth, if you want to. * * * Q. Is your husband and Coe Thompson friends? A. They should have been. This is the only thing that ever come between us. My boy getting killed there in his house. * * * Q. You say that Ben Jennings was with Coe Thompson that morning? A. Yes, sir. * * * Q. About seven o'clock? * * * A. I didn't give the pine-blank time of day. I said it was early in the morning. I didn't have no time piece down there."

No motion was made to strike out any part of this testimony. Some of this testimony was not pertinent, but it is not materially prejudicial.

Another item of which complaint is made is that a witness testified defendant stayed at her hotel at Durant the night before the robbery; that he gave the name of John Farmer and asked her to register him; that she then in his presence wrote his name on the register; that he did not state whether or not he could write. The hotel register showing this was introduced. Defendant contends this is prejudicial, citing DuBois v. State, 22 Okla. Cr. 308, 210 Pac. 1043; Missouri, O. & G. R. Co. v. West, 50 Okla. 521, 151 Pac. 212. It is not claimed the registration was made by defendant. The substance of the objection in

the authorities cited is that secondary evidence was introduced. They are not in point here.

Other complaints go to the credibility and the weight of the testimony of the witnesses. This is within the exclusive province of the jury, and this court will not disturb the judgment where there is ample testimony to support it, although it may conflict with other testimony.

Lastly, it is earnestly urged the punishment assessed is excessive; that a sentence of 50 years amounts to a life sentence and cannot be justified in a case where no person suffered physical injury. The maximum punishment provided for the crime charged is death, section 2543 Okla. St. 1931, and this court cannot say, as a matter of law, that a punishment fixed at imprisonment of 50 years for a robbery committed under the circumstances here shown is excessive.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.