## LEONARD HUDGENS v. STATE.

No. A-8992. March 27, 1936.
(56 Pac. [2d] 421.)

Leonard Hudgens, in pro. per.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was convicted of the larceny of an automobile, and sentenced to serve a period of five years in the state penitentiary.

The testimony in substance is that the owner of the car, Millard Lawson, lived over the McSwain Theatre, in the city of Ada; he owned a Buick coupe; he parked his car by the side of the theater where he lived, and when he got up at 2 o'clock in the morning to go to work his car was gone. He reported the same to the officers; a number of parties were driving from Ada; shortly after 10 o'clock p. m., they found a wrecked car a short distance

out of Ada, on highway No. 12; shortly after they stopped at the wreck the defendant came up to the car with his face scratched, cut, and bleeding; he advised the parties there was another party with whom he was riding who had gone to get an ambulance; some of the parties took the defendant to the hospital at Ada, where he was attended by a physician; at the time the defendant came up to the car that was wrecked, and as they brought him back to Ada, the witnesses said he was in a drunken condition.

The defendant, testifying in his own behalf, admitted he had been convicted of burglary and larceny; that he came to the city of Ada the afternoon before this car was stolen; the accident occurred on the highway about 10 p. m.; that he had a drink, and when he roused up he had been robbed; his home was near Konawa, Okla. That he was picked up on the highway near the highway department warehouse north of Ada by a party whom he would not know if he saw him; that the party had whisky, and was driving, and turned around and went back to a place in Ada, and this defendant thought they were on their way home and he went out and did not know anything until he came to himself down on the road by the side of the wrecked car. He was so drunk he did not know what he was doing, and insisted there was some one with him, but he did not know the name of the party. This is in substance the testimony.

Several errors have been assigned by the defendant, and quite a lengthy brief, with many citations, has been filed in support of his assigned errors. Suffice it to say that the authorities cited do not sustain the contention of the defendant, as shown by the record in the case.

Drunkenness is no excuse or justification for larceny. The testimony shows the defendant was in Ada the after-

noon of that day, and that he was at the scene of the wrecked car, or near it when other parties arrived; he admitted he was in the car with some one else. That some one is the usual excuse offered by many who commit crime—that the party with whom they were traveling were strangers and they did not know them. The testimony of the defendant as to his being with the party in the afternoon and evening, getting drunk, and starting home with him in the car does not seem to have much weight with the court or the juries in this country.

In Leslie v. State, 22 Okla. Cr. 111, 210 Pac. 297, this court, in the second paragraph of the syllabus, said:

"Where there is evidence in the record from which the jury could legitimately conclude that the defendant was guilty of the crime charged, the conviction will not be set aside because of the alleged insufficiency of the evidence."

In Davis v. State, 34 Okla. Cr. 415, 246 Pac. 651, this court, in the first paragraph of the syllabus, said:

"Inferences arising from possession of property recently stolen, supplemented by other circumstances, held sufficient to establish larceny."

Under all the circumstances, we believe the jury was justified in concluding that the defendant was guilty of taking the car. The instructions of the court were fair to the defendant, and correctly advised the jury as to the law applicable to the facts. The defendant was accorded a fair and impartial trial. There are no errors in the record warranting a reversal.

The judgment is affirmed.

EDWARDS, P. J., and DOYLE, J., concur.