# M. T. KITCHEN v. STATE.

No. A-9274.   June 4, 1937.
(69 Pac. [2d] 411.)

436

438

440

Eaton & Wheeler, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE, J. This is an appeal from the judgment of conviction rendered in pursuance of the verdict of a jury finding the defendant, M. T. Kitchen, guilty of rape in the first degree and fixing his punishment at imprisonment in the state penitentiary for 40 years.

Omitting the superfluous words in the information, it charges that in Okmulgee county, on or about the 6th day of March, 1936, the defendant, M. T. Kitchen, did unlawfully, willfully, and feloniously, rape, ravish, and have sexual intercourse with Nellie Mae Herndon, a female person under the age of 14 years, and not the wife of said M. T. Kitchen.

The errors assigned and argued are that the verdict of the jury is contrary both to the law and the evidence; that the verdict of the jury is not sustained by sufficient evidence; that the court erred in overruling defendant's demurrer to the evidence, and defendant's motion for a directed verdict of acquittal.

It was essential to the support of this conviction that the state show not only an assault, but also the consummation of the crime charged by having carnal knowledge of the female.

Penetration is necessary according to all the authorities to complete the crime of rape.

An examination of the record discloses that the main question presented in this case is whether there was sufficient proof of penetration to constitute the crime.

"Rape" is defined by section 2515, St. 1931 (21 Okla. St. Ann. § 1111), under the first subdivision thereof, which is applicable to this case, to be:

"An act of sexual intercourse accomplished with a female, not the wife of the perpetrator, under either of the following circumstances:

"1st. Where the female is under the age of sixteen years."

Section 2518 (21 Okla. St. Ann. § 1114) declares that:

"Rape committed by a male over eighteen years of age upon a female under the age of fourteen years, * * * is rape in the first degree."

Our Penal Code (section 2517 [21 Okla. St. Ann. § 1113]) provides that:

"The essential guilt of rape, except with the consent of a female over fourteen years of age, consists in the outrage to the person and feeling of the female. Any sexual penetration, however slight, is sufficient to complete the crime."

Under this section the essence of the crime is the violence done to the person and feelings of the injured female, which is completed by sexual penetration, and while the slightest penetration is sufficient, there must be proof of some degree of entrance of the male organ "within the labia of the pudendum." In other words, it must be shown that the private parts of the male entered, at least to some extent, in those of the female. In cases of this kind, when the offense is committed upon a child of tender years and who, for want of knowledge and experience, may be incapable of giving testimony, it often happens, as in this instance, that direct and positive proof of penetration cannot be made, and in such cases the utmost reliance is placed on the testimony of the medical witnesses.

Dr. Guess testified that he made an examination and took a smear from the vaginal orifice, and according to his judgment found spermatozoa. He further testified that he was not satisfied with his examination and took the smear to Dr. Isham, who examined it.

Dr. Isham, laboratory technician, testified that Dr. Guess brought smear to him and he put it under a microscope. He further stated that he coult not testify there was spermatozoa in it.

Dr. Carnell testified that he made an examination of the little girl a few hours after the occurrence; that he found no bruises, laceration, or other injury of the parts; that he took a smear from the vagina, made the proper test, but did not find any spermatozoa in it; that he found no indication or evidence whatever of any penetration.

In the case of Walker v. State, 12 Okla. Cr. 179, 153 Pac. 209, 213, we said:

"In view of the unsatisfactory character of the testimony of the child witness and the fact that there is a direct conflict in her testimony and that of the only other witness produced by the state, we think that the court erred in refusing the defendant's demand that a physical examination of the child be made by a competent physician. While 'any sexual penetration, however slight, is sufficient to complete the crime,' (section 2416 Rev. Laws [21 Okla. St. Ann. § 1113]), there must be proof of some degree of entrance of the female organ, and the practice seems to be not to permit a conviction in those cases in which it is alleged violence was done, without medical proof of the fact, whenever such proof is attainable. If the private parts of the defendant entered those of the child, then only seven years of age, as the testimony of the state tends to show, the marks of penetration would be permanent, and would be the best evidence of the actual commission of the crime charged."

In State v. Wilson, 32 Wyo. 37, 228 Pac. 803, 805, the Supreme Court of Wyoming, speaking of facts somewhat similar to those in the instant case, said:

"All the authorities agree that, on a prosecution for rape, the fact of penetration, to some extent at least, must be proved beyond a reasonable doubt. There must be a res in re, though to no particular depth. 33 Cyc. 1486; 23 Eng. & Am. Ency. of Law, 851, 852; People v. Howard, 143 Cal. 316, 76 Pac. 1116; Colombo v. State, 2 Boyce

(Del.) 28, 31, 78 A. 595; State v. Williams, 3 Boyce (Del.) 102, 106, 80 A. 1004; Hardtke v. State, 67 Wis. 552, 30 N. W. 723; White v. Com., 96 Ky. 180, 28 S. W. 340; Walker v. State, 12 Okla. Cr. 179, 153 Pac. 209. * * *

"The foregoing cases, showing a variety of indecent liberties taken with a female, conclusively demonstrates the fact that what is claimed to have been the theory of the state herein was entirely erroneous. True, an actual emissio seminis was shown in this case, which, perhaps, differentiates this case somewhat from the other cases. But the difference is not substantial. 'Emissio seminis,' it is said, in Pennsylvania v. Sullivan, 1 Add. (Pa. [143]) 142, 'of itself makes not rape without actual penetration.' 'Emission without penetration,' says Wharton on Criminal Law (11th Ed.) vol. 1, p. 74, 'is not sufficient to constitute the consummated crime of rape.' 'Actual contact merely of the sexual organ of the male with the organ of the female, or emission without penetration, is not sufficient to constitute rape.' 23 Eng. & Am. Ency. of Law, 852."

To the same effect is Vickers v. U. S., 1 Okla. Cr. 452, 459, 98 Pac. 467; Herrick v. Territory, 2 Okla. Cr. 74, 99 Pac. 1096; Dubois v. State, 22 Okla. Cr. 308, 210 Pac. 1043.

In this case there was no evidence whatever of external violence or injury to the parts; nothing whatever that would indicate penetration. It does not appear that any complaint or statement was made by the little girl to her mother or to the officers who discovered her with the defendant.

There being no proof of penetration, either direct or circumstantial, we are clearly of the opinion that the evidence was not sufficient to show that the crime was consummated, and for this reason the court should have sustained the motion for a new trial on the ground that the verdict was contrary to law and to the evidence.

The defense made, that the defendant was in such a mental condition as not to be responsible for his acts, was wholly without merit.

It is evident, if the defendant's mind was affected, it was the result of his voluntary intoxication.

The principle is everywhere recognized that voluntary intoxication is no justification or excuse for crime, and is no excuse for rape, though carried to the extent of producing incapacity to control the mind and will.

Our Penal Code provides:

"No act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his having been in such condition." Section 1798 (21 Okla. St. Ann. § 153).

In Collier v. State, 17 Okla. Cr. 139, 186 Pac. 963, 12 A. L. R. 839, this court held:

"Insanity, though superinduced by excessive and long-continued indulgence in alcoholic liquors and known as 'delirium tremens,' or 'mania a potu,' renders a person so afflicted irresponsible for his acts, if it be of such a character as to deprive him of the mental capacity to distinguish between right and wrong, as applied to the particular act, whether he be under the influence of liquor at the time of the commission of the act or not; but, to do so, his affliction must be settled or fixed insanity, not a mere fit of drunkenness. A person, not previously laboring under such disease or affliction, who voluntarily becomes intoxicated to such an extent and for such a period of time as to cause unconsciousness of his acts, is not irresponsible under the law for the acts done by him while in such mental condition."

And see Cheadle v. State, 11 Okla. Cr. 566, 149 Pac. 919, L. R. A. 1915E, 1031.

Because the evidence was insufficient as a matter of

law to show the commission of the crime charged, the judgment of the trial court is reversed and the cause remanded.

DAVENPORT, P. J., and BAREFOOT, J., concur.