Ronald Robert Jesse William COUCH, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

In the Matter of the Habeas Corpus of Ronald Robert Jesse William COUCH.

Nos. A-13230, A-13154.

Court of Criminal Appeals of Oklahoma.

Oct. 24, 1962.

Charles Gregory, Norman, Frank Grayson, Oklahoma City, for plaintiff in error.

Homer Cowan, Norman, for petitioner.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

Robert L. Pendarvis, County Atty. Cleveland County, Norman, for respondent.

BRETT, Judge.

Ronald Robert Jesse William Couch filed an appeal in this court, case No. A–13230, from a judgment and sentence of eleven years in the penitentiary, said judgment have been entered on January 29, 1962. This appeal is consolidated with case No. A–13156, In re: Ronald Robert Jesse William Couch. The reason therefor will be set out later herein.

■ The plaintiff in error, hereinafter referred to as defendant, was charged by information in the district court of Cleveland County, Oklahoma, with the crime of burglary in the second degree, after former conviction of a felony. It was charged that he broke a window and entered John's Texaco Service Station in Norman, Oklahoma, on August 20, 1961. He was tried by a jury and found guilty of the primary offense. The jury then heard evidence of former conviction and under proper instruc-tions fixed the penalty at eleven years in the penitentiary.

The evidence of primary guilt of second degree burglary, and that of the former conviction was conclusive, and no substantial errors appear in the record.

■ The defendant was apprehended in the service station. He offered no evidence in his behalf at the time of the trial on the merits of the primary case. He did, at the time testimony was offered on the former conviction, attempt to show that when he committed the burglary he was incapable of committing a crime by reason of insanity due to injection of morphine. This was the issue raised in the habeas corpus action, No. A–13154. Evidence on this issue was entirely inadequate to sustain the contention. The nearest approach to proof of the contention was a hypothetical question assuming a certain premise to be true as to his described condition, due to the influence of narcotics. The question was asked:

"Would that influence be such as would cause him to be rational or irrational? A Well, that you can't say, that depends upon how much he has had."

Furthermore, the doctor testified:

"Q Now, let's assume further, doctor, in the hypothetical, that he related to the policemen that he had arrived in Norman with the—some other boys, let's assume further that he indicated that he entered this premises for the purpose of going to the rest room, further, assume further that he stood there and talked with the police officers, members of the police, after he was apprehended within the particular service station, would you have an opinion as to whether he would be rational or irrational? A Well, that would just be impossible.

"Q Wouldn't his acts and conduct be evidence of whether he was rational or irrational? A Yes, sir, at that time.

"Q If he talked to the policemen and told them about coming here, ar-

riving here, would that show signs of rationality? A. Yes, sir."

■ It thus appears that the defendant's contention was not supported by anything other than assumptions, surmise, and speculation. Moreover, the drugs were admittedly voluntarily administered by the defendant himself, and his condition falls in the same classification of voluntary intoxication which is no defense, 21 O.S.1961 § 153 providing:

"No act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his having been in such condition."

And see Thomas v. State, 18 Okl.Cr. 648, 197 P. 853; Mott v. State, 94 Okl.Cr. 145, 232 P.2d 166; Hudgens v. State, 59 Okl.Cr. 50, 56 P.2d 421 (holding that drunkenness is no excuse for larceny); Kitchen v. State, 61 Okl.Cr. 435, 69 P.2d 411.

The condition herein asserted was temporary and intermittent as revealed by the defendant's own testimony. He did not take the narcotic by prescription, but it was his own voluntary choice. Under these conditions, the rule announced in Mott v. State, supra, is controlling.

22 C.J.S. Criminal Law § 72, p. 233 announces the rule as follows:

"If a person becomes temporarily insane through the voluntary use of morphine, cocaine, or other drugs, not taken as a medicine, his responsibility would clearly seem to be the same as that of a person drunk from the voluntary use of intoxicating liquors."

Citing the California case of People v. Lim Dum Dong, 26 Cal.App.2d 135, 78 P.2d 1026, 1029, holding:

"Under statute, a temporary aberration of the mind caused by voluntary intoxication induced by excessive use of liquor or narcotics is not a valid defense to a charge of crime, but to relieve one of responsibility it is necessary to prove that the brain has become permanently affected thereby. Pen. Code, § 22."

And in the body of the opinion, the court said:

"Quoting with approval from the case of People v. Rogers, 18 N.Y. 9, 72 Am.Dec. 484, and People v. Travers, 88 Cal. 233, 239, 26 P. 88, the court, further said in the Hower opinion [People v. Hower, 151 Cal. 638, 91 P. 507, 508]: ' "There is, in truth, no injustice in holding a person responsible for his acts committed in a state of voluntary intoxication. It is a duty which every one owes to his fellow men, and to society, to say nothing of more solemn obligations, to preserve, so far as lies in his power, the inestimable gift of reason. If it is perverted or destroyed by fixed disease, though brought on by his own vices, the law holds him not accountable, but if, by a voluntary act, he temporarily casts off the restraints of reason and conscience, no wrong is done him if he is considered answerable for any injury which, in that state, he may do to others or to society." * * * "It must be 'settled insanity', and not merely a temporary mental condition * * *" ' which will relieve one of the responsibility of his criminal act.

"Our courts have strictly adhered to the foregoing salutary principle of law. That doctrine is settled. The decisions are uniform on that subject."

■ In any event, the evidence fails by proper measure to establish that the defendant did not know the difference between right and wrong. The test of criminal responsibility under the statute relating to capacity to commit crime is fixed at the point where accused has mentality to distinguish between right and wrong, as applied to particular act. 21 O.S.1961 § 152, § 156; Whisenhunt v. State, Okl.Cr., 279 P.2d 366; Gallagher v. State, 81 Okl.Cr. 15, 159 P.2d 562. The defendant did not attempt to establish this decisive point by his medical proof. He could be irrational and still know the difference between right and wrong. The jury did not believe his testi-

mony that he did not know what he was doing. There were so many discrepancies in his testimony, unsupported by medical proof, we hardly see how the jury could have believed him.

We are of the opinion that the evidence supports the jury's conclusion that the defendant was of such mentality as to distinguish between right and wrong.

These issues were submitted to us without brief in support of the contentions. Oral argument was heard on June 27, 1962 and the case submitted on the record.

We find no jurisdictional or fundamental errors to warrant reversal of the judgment and sentence, and the same is affirmed; and the petition for writ of habeas corpus is dismissed

NIX, P. J., and BUSSEY, J., concur.