**Billy Ray MARR, O.S.P. #75194, Petitioner,**
**v.**
**Ray PAGE, Warden, State Penitentiary,**
**Respondent.**
**No. A–14310.**

Court of Criminal Appeals of Oklahoma.
Feb. 14, 1968.

Billy Ray Marr, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BRETT, Judge:

Billy Ray Marr, petitioner herein, filed his petition in this Court seeking his release from the state penitentiary by writ of habeas corpus, and in the alternative, a post conviction appeal.

As grounds for his release he alleges that he was mentally ill at the time of his sentencing; and, that he was denied counsel at his trial.

Petitioner was convicted on two charges of burglary, second degree, in cases numbered 5897 and 5898, and on September 6, 1966 was sentenced to serve four years in the state penitentiary on each charge, with the provision that the sentences run concurrently. Petitioner has served other penitentiary sentences, having been convicted in 1963 on two other charges of burglary, second degree. He appears to have had a charge of assault and battery with a dangerous weapon still pending against him in the district court of Carter County, in case number 5884, at the time of his trial in the cases at bar.

On the assault and battery charge, petitioner was set to Central State Mental Hospital for observation. On July 6, 1966, prior to being sentenced in the cases at bar, Dr. Ernest G. Shadid notified the district judge that petitioner "is not mentally ill, according to the laws of the State of Oklahoma. He is able to distinguish between right and

wrong, and he could advise an attorney of his own defense."

It appears, from the records at hand, that the petitioner was thereafter committed to the Central State Mental Hospital on July 15, 1966, but he departed the hospital without authority, thereby being "AWOL" from the hospital when he was arrested on the charges at bar.

To the Attorney General's response is attached certified copies of the appearance dockets in the earlier cases, the letter of July 6, 1966 from Dr. Shadid hereinbefore referred to, and a complete transcript of the proceedings when petitioner entered his pleas of guilty and was sentenced in the two cases at bar.

The transcript contains 24 pages and reflects that the Hon. Kenneth Shilling, district judge, very carefully, meticulously and with great clarity explained all of petitioner's constitutional and statutory rights, before he would accept his plea of guilty on the charges.

After the judge had satisfied himself that petitioner understood those rights, he accepted the pleas of guilty and sentenced petitioner.

■ With reference to the contention that petitioner did not have an attorney at his trial, the record completely refutes this claim, and shows that the district judge explicitly questioned petitioner concerning his right to have counsel present. Petitioner had his own attorney; stated that he had discussed case No. 5897 with him, and that he understood his right to have his counsel present, but that he did not want his attorney or any other attorney present.

After considering the transcript, we find that petitioner's contention that he was denied counsel is entirely without merit.

■ With reference to petitioner's allegation that he was mentally ill at the time he was sentenced, there is nothing in the record to sustain petitioner's allegation. Notwithstanding petitioner's allegation that he had been committed to the state hospital on July 15, 1966, the district judge had in [1] his possession a letter from the doctor who examined petitioner earlier, and on July 6, 1966 certified that he knew right from wrong, and that he was able to assist his attorney in his own defense. Likewise, by the judge's examination of petitioner on September 6, 1966, when he was sentenced, he clearly demonstrated that he knew the difference between right and wrong, the nature of the charges, the consequences of his plea, the limits of punishment which might be imposed, and all his other constitutional and statutory rights, as they were explained to him. He was able to discuss the offense for which he was charged, who participated with him, and other details connected with the offenses. There was nothing from which the trial judge could even imply that this petitioner did not comprehend what was taking place, as well as the circumstances of the offense for which petitioner was charged.

■ This Court said in Revard v. State, Okl.Cr.App., 332 P.2d 967, certiorari denied 359 U.S. 1000, 79 S.Ct. 1138, 3 L.Ed.2d 1030:

"The test of criminal responsibility for committing criminal act is fixed at point where accused has mental capacity to distinguish between right and wrong as applied to the particular act, and to understand the nature and consequences of such act."

See also Gonzales v. State, Okl.Cr.App., 388 P.2d 312; Couch v. State, Okl.Cr.App., 375 P.2d 978.

■ The records before the Court reveal that the allegations contained in the petition filed herein are entirely without merit. All of petitioner's constitutional and statutory rights were explicitly explained to him, including his right to have counsel present. Petitioner knowingly and intelligently waived that right, after indicating that he fully understood the court's explanation. We are also of the opinion that petitioner's contention of mental illness is without merit, in that he fully comprehended the offense,

what was transpiring, and what the consequences of his plea might be.

For the reasons stated herein, petition for writ of habeas corpus is denied, and the petition for post conviction appeal is dismissed.

BUSSEY, J., concurs.