**Teddy BARNES, Plaintiff in Error,**
**v.**
**The STATE of Oklahoma, Defend-**
**ant in Error.**
**No. A–16804.**

Court of Criminal Appeals of Oklahoma.
Oct. 26, 1971.

**784**

John T. Lawson, Tahlequah, for plaintiff in error.

Larry Derryberry, Atty. Gen., Sondra Leah Fogley, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Teddy Barnes, hereinafter referred to as defendant, was charged in the District Court of Cherokee County, Oklahoma with the offense of Assault and Battery With a Dangerous Weapon. He was found guilty by a jury of the offense of Aggravated Assault and Battery. His punishment was fixed at six (6) months in the county jail and a fine of $250.00, and from said judg-

ment and sentence, a timely appeal has been perfected to this Court.

At the trial, Austin Kinnon testified that on August 4, 1970, Bernhard Storjohann and he went to the Capitol Bar after completing their day's work. They were sitting in a booth carrying on a conversation concerning their employment, wherein the defendant came to their table, flashed a knife, and "told us that he was an Apache Indian and if we didn't shape up, he was going to take care of us." (Tr. 15) He did not take the defendant's statement seriously, and Storjohann and he left shortly thereafter.

Bernhard Storjohann testified that on the afternoon in question that Kinnon and he went to the Capitol Bar to drink a beer, and that they were engaged in a general conversation concerning their employment as propagators for a nursery, wherein the defendant came to their booth and stated that he was an Apache Indian, and that he thought the defendant was joking. They left the bar shortly thereafter, and Storjohann went home and ate supper. Later that night, Storjohann went to another bar located in Tahlequah. He was sitting in the pool room of the bar with a girl, watching two other girls play pool. The defendant came into the room and approached Storjohann and made some remarks to him to the effect that Storjohann did not like Indians. Some words were exchanged, and Storjohann asked the defendant to leave him alone. The defendant then hit Storjohann in the face with a beer glass. He was knocked off his feet onto the floor. He was taken to a hospital, wherein in excess of sixty stitches were taken from his eye to his chin, including his nose and mouth. Storjohann denied making any offensive remarks to the defendant.

Geneva Baker and Sue Pilgrim testified they were at the Keg Lounge with Storjohann on the night in question. They testified that the defendant struck Storjohann in the face with a beer glass without any provocation on the part of Storjohann.

The defendant testified that he had observed Storjohann earlier in the afternoon on the day in question in a bar. Storjohann was "running down everybody from Cherokee County," (Tr. 71) and making derogatory remarks about Indians. He testified that they went to the Keg Lounge later that evening and started to play pool, wherein Storjohann said "something about a pool shootin' Indian." (Tr. 76) He engaged in an argument with Storjohann, wherein Storjohann asked him to leave, and he got mad and attempted to "put beer in his face and hit him in the face with a glass."

The first two propositions assert "that the verdict was contrary to the law and the evidence presented," in that "there was no medical evidence introduced to show that the wounds inflicted were of a serious or grievious nature." We need only to observe that the defendant was charged with Assault and Battery With a Dangerous Weapon, and that the jury was instructed on the two lesser included offenses of Aggravated Assault and Battery and Assault and Battery. We are of the opinion that the evidence presented would support a verdict of guilty of the greater charge of Assault and Battery With a Dangerous Weapon. Defendant's own counsel, attempted in his closing argument, in a final attempt, to keep the defendant from being convicted of the greater offense, asked the jury to consider the offense of Aggravated Assault and Battery upon arriving at their verdict. We are of the opinion that the defendant should not now complain, because the jury did, in fact, follow his counsel's suggestion and find him guilty of the lesser included offense.

The next proposition contends that the punishment is excessive. We cannot conscientiously say that the punishment assessed is excessive, in that, as previously stated, we are of the opinion that the evidence was sufficient to warrant the conviction for the offense of Assault and Battery With a Dangerous Weapon. We, therefore, find this proposition to be without merit.

The next proposition asserts that the trial court erred in allowing the State to endorse a witness the day prior to trial. Suffice it to say that the defendant has neither shown prejudice, nor cited any cases in support of this allegation of error. We have repeatedly held that it is necessary for counsel for plaintiff in error not only to assert error, but also to support his contentions by both argument and citations of authority. Where this is not done, and it is apparent that the defendant is deprived of no fundamental rights, this Court will not search the books for authority to support the mere assertion that the trial court has erred, Sandefur v. State, Okl.Cr., 461 P.2d 954.

The final proposition asserts that the defendant's trial attorney committed reversible error in his closing argument to the jury. The defendant objects to two remarks by his trial attorney, wherein he stated, "What I'm in effect doing is saying that this boy is guilty," (Tr. 88) and "He's guilty—I don't—the evidence clearly shows he was, but let's don't send him to the Penitentiary." (Tr. 90) The defendant concedes in his brief that the trial attorney acted in good faith only with the idea in mind of convincing the jury that the defendant should not be sent to the penitentiary, and that it was possible that the strategy used by his attorney was a benefit to the defendant, in that the jury could have found him guilty of the Felony charge of Assault and Battery With a Dangerous Weapon. This is a classic example where defense counsel had little with which to work. The defendant admitted that he struck the injurious blow because of the provoking remarks made by the victim. The only specific remark directed toward the defendant made by the victim was that he was a "pool shootin' Indian." We are of the opinion that the defense counsel's remarks asking the jury to find the defendant guilty of a lesser offense, so that his life would not be bligh-

tened by a Felony conviction, was a tactic he used, and in this case, a successful trial tactic.

In conclusion, we observe that the Record is free of any error which would justify modification or require reversal. The judgment and sentence is accordingly affirmed.

The court-appointed attorneys, Paul Simmons, who represented the defendant in the trial court, and John T. Lawson, who represented the defendant upon appeal, are commended for their diligent and excellent representation of the accused, which reflects credit upon the bar and orderly administration of justice.

NIX and BRETT, JJ., concur.