Robert Carl **BRUCE**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–16947.

Court of Criminal Appeals of Oklahoma.

Jan. 12, 1972.

---

Appeal from the District Court of Comanche County; Jack Brock, District Judge.

Max Cook, Lawton, for plaintiff in error.

Larry Derryberry, Atty. Gen., Sondra Leah Fogley, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Robert Carl Bruce, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Comanche County, Oklahoma, for the offense of Robbery with Firearms; his punishment was fixed at ten (10) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial Jody Thomas testified that on the 14th day of July, 1970, he was employed at the Curt's Oil Station, located near Medicine Park, Oklahoma, and that at approximately 2:30 a. m., a car pulled into the station, and ordered one dollar's worth of gas. After putting the gasoline in the automobile, Thomas approached the driver's window, wherein a person whom he identified in court as the defendant, produced a pistol and demanded all of the money. Thomas gave the defendant approximately $25.00. He was ordered to get behind the station, and not to come out until they had left.

Deputy Lovelady testified that he went to the scene of a reported robbery, and after talking to the attendant, found a car matching the description furnished by the attendant, abandoned approximately two blocks from the service station.

Odell Inglis testified that on September 3, 1970, he was employed as a deputy sheriff of Comanche County, Oklahoma. He testified that on that date, the defendant turned himself in to the sheriff's department, wherein Inglis took him to a back office, and advised him of his "Miranda rights." The defendant signed a waiver of rights and subsequently gave a signed statement to the officer. The defendant stated that on the morning in question, he and two other persons borrowed a red Ford from Sammy Smith; they switched tags on the car, and proceeded to the vicinity of Curt's Service Station. They left another vehicle in the driveway a few blocks from the service station, and then Kenneth Redford went to the station, ordered one dollar's worth of gas, and robbed the attendant. After receiving the money, the attendant was told to run behind the station. They left the scene and proceeded

to the location of the station wagon, wherein the Ford was left abandoned.

The defendant testified that he had a disturbed mental condition all of his life, and that his parents had tried on numerous occasions to get him to see a psychiatrist, but he refused. He started using drugs at the age of fourteen, and at that present time, he was a narcotic addict. He enlisted in the Army at age seventeen, and was advised at Ft. Riley, Kansas by an Army psychiatrist that he should be committed to a mental institution. Instead, he was sent to Viet Nam, where he served in combat for one year, winning the purple heart and the Army Commendation Medal for heroism. On the night of the robbery, he was under the influence of LSD, and had no independent recollection of what transpired. The statement he made to the deputy sheriff was based upon information furnished him by the people with whom he was involved. He testified that he turned himself in because he was tired of running, and he knew that he needed help because of his narcotic problem. He testified that he had no intent to commit the robbery.

■■■ The first proposition asserts that the trial court erred in not granting a new trial because of inflammatory remarks made by the prosecuting attorney in his closing argument. The inflammatory remarks referred to were as follows:

"[BY MR. CALLICOTT ON BEHALF OF THE STATE:] I feel I am a little more experienced in assessing what a Defendant should be assessed as punishment. Taking in regard his age and experience and the seriousness of this crime, I would like to suggest to you that you should set his punishment at thirty-four years and five months in the state penitentiary."

The Record reveals and the defendant's appellate attorney concedes that the defendant did not object, nor did he request the court to admonish the jury to disregard said remarks. We have repeatedly held that counsel for a defendant must not only object to alleged improper statements of the District Attorney in his argument to the jury, but also, he must go further and move the court to exclude such remarks from the jury and the instructions, and not to consider them for any purpose; when this is not done, such remarks do not constitute reversible error, unless the remarks were of such character that the error would not be cured by withdrawal of the remarks. Gaddis v. State, Okl.Cr., 447 P. 2d 42 (1968). Defendant further argues under this proposition that if the court-appointed trial attorney had been well versed in the practice of criminal law, he would have objected to the remarks and requested the trial court to have the jury to disregard the same. Defendant's appellate counsel does not specifically set forth the experienced training or expertise of defendant's trial counsel, but we observe in the defendant's closing argument that his attorney stated that in 1925, he was employed in the County Attorney's office. We further observe that the entire Record reflects that the defendant was adequately represented. In dealing with a similar proposition in the recent case of Barnes v. State, Okl.Cr., 490 P.2d 783, "this is a classic example where defense counsel had little with which to work." We, therefore, find this proposition to be without merit.

■■■ The second proposition contends that "the court refused to give any instructions as requested by the defendant's counsel, concerning the matter of the effect of drugs upon the mind of the defendant, where the defendant was an admitted user of heroin." We are of the opinion that the trial court properly refused said requested instruction. In Couch v. State, Okl.Cr., 375 P.2d 978, we stated:

"Moreover, the drugs were admittedly voluntarily administered by the defendant himself, and his condition falls in the same classification of voluntary intoxica-

tion which is no defense, 21 O.S.1961 § 153 providing:

'No act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his having been in such condition.'

"And see Thomas v. State, 18 Okl.Cr. 648, 197 P. 853; Mott v. State, 94 Okl. Cr. 145, 232 P.2d 166; Hudgens v. State, 59 Okl.Cr. 50, 56 P.2d 421 (holding that drunkenness is no excuse for larceny); Kitchen v. State, 61 Okl.Cr. 435, 69 P.2d 411."

We, therefore, find this proposition to be without merit.

■ The final proposition asserts that the trial court erred in overruling defendant's motion for the appointment of an independent psychiatrist at the expense of the State. Defendant argues that such rights are guaranteed by the Constitution of both the United States and the State of Oklahoma. See United States of America v. Tate, 6 Cir., 419 F.2d 131, and United States of America v. Pope, D.C., 251 F. Supp. 234. In dealing with a similar proposition in the case of Hardt v. State, 490 P.2d 752, we recently stated:

"The Federal Statutes authorize trial courts to appoint an investigator where such services are necessary, wherein under the statutes of the State of Oklahoma, there is no provision for such appointments. Until our Legislature sees fit to enact legislation providing for such appointments, the trial courts are without authority to comply with such requests."

In conclusion, we observe that considering the entire Record which revealed that the defendant had no prior convictions, that he voluntarily turned himself in to the authorities, justice would best be served by modifying the judgment and sentence to a term of seven (7) years imprisonment, and as so modified, the judgment and sentence is affirmed.

Modified and affirmed.

BRETT AND SIMMS, JJ., concur.