Robert Elliot SHEFFIELD, Plain-
tiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–15807.

Court of Criminal Appeals of Oklahoma.

Feb. 3, 1971.

Bud Byars, Asst. Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh Collum, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BRETT, Judge:

This is an appeal by the plaintiff in error, Robert Elliot Sheffield, hereinafter called the defendant, from the judgment and sentence, after a jury verdict finding the defendant guilty of the crime of Robbery with Firearms in Tulsa County, Oklahoma, and fixing his punishment at from ten (10) to thirty (30) years in the Oklahoma State Penitentiary.

Defendant's petition in error was filed with the record of trial on February 13, 1970, with the brief being due within thirty (30) days from that date; however, no brief has been filed, nor has an extension of time been sought. On December 2, 1970, the State filed a Motion to Submit the appeal summarily for decision. Under these circumstances, this Court will not assume the position of counsel for defendant, but will search the record for fundamental errors only.

The facts simply stated are: Defendant was alleged to have entered Billie's Rexall Drug Store, located at 4561 North Peoria in Tulsa, Oklahoma, on the 31st day of

July, 1969; Mr. Clarence Barton and Mrs. Edna Murray were employed as pharmacist and clerk, respectively. Mr. Barton testified in chief that an individual, whom he identified as the defendant, went to the back of the store to the prescription counter and either pulled out of his shirt (or already had in his hand) a cloth sack, which he tendered to Mr. Barton with the demand that he fill it with all of the amphetamines he had. When Mr. Barton refused, defendant pulled from his pocket a revolver and indicated to Barton, that he thought with that he would comply. Thereupon, Mr. Barton placed the drugs in the sack; then he was told to put the money from the cash register in the sack with the amphetamine capsules. After Barton put the capsules and money in the sack and gave it to the robber, he was told to lay on the floor until the robber was out of the store. Mr. Barton identified defendant in the courtroom as the robber.

Mrs. Murray testified that she saw the defendant enter the store, as he passed by her store counter; and that she again saw him return from the prescription counter, passing by the counter where she was working. About that time Barton got up from the floor and called to Mrs. Murray, who followed the man through the door. She identified the robber as a man wearing a small straw hat with a colorful band; saw him get into a car parked at the curb, and saw the car tag number. She returned immediately to the store and wrote it down. Later she gave the tag number to the police, who had been called by Mr. Barton.

Tulsa Police Officer John V. Chambers testified that on the 31st day of July, 1969, while on duty, he received radio information that an armed robbery had occurred at Billie's Rexall Drug Store, and that the police were looking for a blue Rambler automobile with the tag number Mrs. Murray had reported. He stated that about 12:30 P.M. he located the automobile at 3102 East 5th Street in Tulsa. He identified State's Exhibit 5, which was a photograph of the car where it was found. The exhib-

it was admitted in evidence over the objections of the defendant. Officer Chambers also testified that he called for assistance, and that Officer Ron Ellis arrived first, followed by the arrival of several other officers. He testified that he saw the defendant when he was being taken to the Tulsa jail after he was arrested by Officer Beard.

Officer Clarence Beard of the Tulsa Detective Bureau testified that he received information of the robbery about 12:30 P.M. on July 31, 1969, in the Detective Bureau. He went to the place where the car was located, looked inside the car and observed a straw hat, with a flowered band, laying in the front seat. He identified State's Exhibit 1 as the hat he had seen and that he took from the car. The exhibit was admitted over defendant's objection.

Officer Beard arrested the defendant. He searched him and the immediate area for weapons, and found a .22 revolver and two bottles of capsules. The capsules were the same type as those stolen from Mr. Barton. The officer identified the revolver, State's Exhibit No. 2, as the one he took from defendant's apartment; and he identified the two bottles of capsules as the ones found in defendant's apartment.

On cross-examination Officer Beard testified that he advised defendant of his constitutional rights, when he arrested him. He testified that he informed the defendant "that he did not have to make any statements, but that any statements he did make could be used against him in a court of law; that he had a right to a lawyer; and that if he could not afford one, a lawyer would be appointed for him by the court; that he had the right to talk to them without an attorney being present, if he desired. There was no evidence that the search was made upon authority of a search warrant; but as we view the record, it shows that the officer had sufficient cause to believe defendant had committed a felony to warrant the search.

The defendant called one alibi witness who testified that defendant was in her

presence at the time the robbery was alleged to have occurred. Defendant testified in his own behalf giving an explanation of his activities and whereabouts on the date and time of the robbery, and denied participation in the robbery. He denied that he owned a hat, and maintained that he had been seeking employment on the day of the robbery, but he did identify the picture of the car, found by Officer Chambers, as his car. He admitted that he was arrested in his apartment. He denied ownership of the gun introduced by the state, but admitted that it looked like one he had purchased for the purpose of shooting snakes while on business field trips.

During the prosecutor's closing argument he made reference to the fact that the same drug store had been robbed some five (5) years earlier; and that he did not know whether the bottles found in defendant's apartment had come from the earlier robbery, or from the one for which defendant was being tried. The record reflects that defense counsel brought out the fact that the drug store had been robbed five years earlier, during cross-examination of the pharmacist, Mr. Clarence Barton. While defendant may complain concerning those remarks, we believe they were within the scope of proper argument as the prosecutor's interpretation of testimony brought out by defense counsel. It has long been the rule that either side is allowed wide latitude in commenting on, and interpreting evidence, presented during the trial.

We have carefully reviewed the record before the Court and find the defendant was properly charged; competent and sufficient evidence was offered for the jury to reach its verdict; the court's instructions were proper; and no fundamental error is found upon which the judgment and sentence of the trial court should be disturbed.

It is therefore ordered that the judgment and sentence of the District Court of Tulsa County, Oklahoma, case no. CRF–69–1207, in which Robert Elliot Sheffield was sentenced to serve from ten to thirty years imprisonment for Armed Robbery, shall be affirmed.