Eugene Wendell **WALTER,**
Petitioner,

v.

**UNITED STATES of America,**
Respondent.

Civ. No. 74–517–D.

United States District Court,
W. D. Oklahoma,
Civil Division.

Oct. 3, 1974.

Eugene Wendell Walter, pro se.

William R. Burkett, U. S. Atty., Oklahoma City, Okl., for respondent.

## ORDER

DAUGHERTY, Chief Judge.

This is a proceeding brought pursuant to Title 28, U.S.C. Section 2255. The petitioner, Eugene Wendell Walter, is confined in the United States Penitentiary at Leavenworth, Kansas, by virtue of the judgment and sentence of this court in case No. CR–72–200. Therein, after a trial by jury, the petitioner was convicted of Unlawful Possession of Stolen Mail in violation of Section 1708 of Title 18, United States Code. On August 15, 1972, he was committed to the custody of the Attorney General for imprisonment for a period of five years. A direct appeal was perfected to the United States Court of Appeals for the Tenth Circuit. The trial court was affirmed March 1, 1973. A Petition for Writ of Certiorari was denied by the Supreme Court on October 9, 1973.

The petitioner now claims that his sentence is subject to collateral attack for the reason that he was denied a fair trial because his jury consisted in part of federal employees, a woman whose brother had been a law enforcement officer and a foreman who had served with the Pinkerton Detective Agency. He further contends that he was denied the effective assistance of counsel when his attorney failed and refused to challenge these individuals.

■ The petitioner's contentions are wholly without merit. In the voir dire of the jury by the court jurors were asked whether any had law enforcement type experience or close relatives engaged in such work. It was developed that one had been a Pinkerton Guard for one and one-half years, another had a brother who was a retired police officer and a third had three cousins who had been law enforcement officers. The court carefully questioned each as to whether this background would cause any prejudice. All affirmed to the court that they could act as fair and impartial jurors and decide the case strictly on the facts and the law. (Tr. 8–10). Petitioner's counsel was permitted to ask these jurors further questions. (Tr. 16–18). The court also asked the jurors if any were presently working for the federal government. Two replied they were employees at Tinker Air Force Base, Oklahoma, and a third advised that she had formerly been employed in the United States Court Clerk's Office. The court specifically inquired if because of their relationships they would favor the government or be prejudiced against the accused. All indicated they likewise could be fair and impartial jurors. (Tr. 10–12). There were no challenges for cause or the exercise of peremptory challenges by either side. (Tr. 18).

■ The Sixth Amendment does not preclude a person from jury service in a criminal case merely because he is a government employee. United States v. Wood, 299 U.S. 123, 57 S.Ct. 177, 81 L. Ed. 78 (1936). Nor were the other jurors who admitted to the court some law enforcement relationship for that reason disqualified to act as jurors. In Mikus v. United States, 433 F.2d 719 (CA 2 1970) a contention similar to the petitioner's was rejected:

"The gravamen of the appeal on this point, therefore, must be that the mere status, past or present, of the three prospective jurors per se constituted sufficient cause for their being excused from venire duty in appellant's trial. We find this contention to be without merit in this case.

. . . . . .

The mere fact of membership on a police force is not presumptively a disqualification for service on a jury in a criminal case. United States v. Wood, 299 U.S. 123, 140 n. 9, 57 S.Ct. 177, 81 L.Ed. 78 (1936); Cavness v. United States, 187 F.2d 719, 723 (9th Cir.), cert. denied, 341 U.S. 951, 71 S.Ct. 1019, 95 L.Ed. 1374 (1951); Marshall v. United States, 355 F.2d 999, 1009 (9th Cir.), cert. denied, 385 U.S. 815, 87 S.Ct. 34, 17 L.Ed.2d 54 (1966). A fortiori, the former police officer who had ceased his public law enforcement work in 1956 was more than sufficiently insulated against an attack of presumptive prejudice, as was the wife of the state trooper." 433 F.2d at 723 and 724.

■ The petitioner does not claim, and the record is devoid of any indication, that there was actual or individual bias or prejudice on the part of any juror. The court satisfied itself, and apparently to the satisfaction of counsel, that there was no actual bias. Petitioner's allegations are clearly insufficient to demonstrate any violation of the constitutional right to trial by a fair and impartial jury. As stated in Latham v. Crouse, 330 F.2d 865, 868 (CA 10 1964):

"Prejudice must be estabished 'not as a matter of speculation but as a demonstrable reality.'"

■ The court cannot deem petitioner's counsel incompetent or conclude that petitioner was denied effective assistance of counsel because counsel did not challenge such jurors. Decisions as to challenge of jurors fall within the realm of trial technique of counsel. They involve elements of discretion and judgment on which skilled and experienced advocates might honestly disagree. This court cannot second guess counsel by substituting its judgment for that of defense counsel in matters of trial tactics. Churder v. United States, 294 F. Supp. 207 (E.D.Mo.1968), affmd. 8 Cir.,

417 F.2d 633. Mistakes of judgment concerning trial strategy or tactics do not constitute grounds for collateral attack under Section 2255. Frand v. United States, 301 F.2d 102 (CA 10 1962). When a petitioner makes no allegations of ineffectiveness or incompetence of counsel except as to matters normally within the realm of counsel's judgment he is not entitled to a hearing. Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787 (1958), cert. denied 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86. Simply because petitioner's attorney does not now meet his standards of effectiveness, does not destroy the essential integrity of the proceedings or constitute a denial of due process. See Moss v. Hunter, 167 F.2d 683 (CA 10 1948), cert. denied 334 U.S. 860, 68 S.Ct. 1519, 92 L.Ed. 1780, reh. denied 335 U.S. 839, 69 S.Ct. 8, 93 L.Ed. 390; Johnson v. United States, 333 F.2d 371 (CA 10 1964). The burden on the petitioner to establish a claim of ineffective assistance of counsel is heavy and neither hindsight nor success is the measure. Ellis v. Oklahoma, 430 F.2d 1352 (CA 10 1970). It does not mean victorious or flawless counsel. Brady v. United States, 433 F.2d 924 (CA 10 1970). This court may take judicial notice that the petitioner's attorney was an able member of the bar. Lorraine v. United States, 444 F.2d 1 (CA 10 1971); Mitchell v. United States, 432 F.2d 94 (CA 10 1970); United States v. Summerlin, 298 F.Supp. 929 (M.D.Ala.1969). After a review of the transcript of the trial and careful consideration of the allegations of the petitioner this court cannot declare that the proceedings were a mockery, sham or farce or that the representation was only perfunctory, in bad faith, a sham, pretense or without adequate opportunity for conference and preparation. See Goforth v. United States, 314 F.2d 868 (CA 10 1963).

Since the Motion of the petitioner and the files and records examined by the court conclusively show that the petitioner is not entitled to relief, no evidentiary hearing is required. Barber v. United States, 427 F.2d 70 (CA 10 1970); Semet v. United States, 369 F.2d 90 (CA 10 1966). Accordingly, the Motion, pursuant to Section 2255 of Title 28, of the United States Code to vacate the judgment and sentence of this court in case No. CR–72–200 will be denied.

It is so ordered.