Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., for appellee.

**Alvin A. FABRE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-77-41.**

Court of Criminal Appeals of Oklahoma.

May 10, 1977.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Alvin F. Fabre, hereinafter referred to as defendant, was charged, tried and convicted con-jointly with his brother, Lionel Fabre, in Case No. CRF–76–1003, in the District Court, Oklahoma County, for the offence of Robbery With Firearms. He was sentenced to twenty (20) years' imprisonment, and has perfected this timely appeal.

It will be unnecessary to detail the facts of this case as defendant's sole assignment of error is that he was denied a fair trial

due to the intoxication of his trial attorney. Defendant bases this assignment on the following colloquy which occurred just prior to closing arguments:

"[Trial Attorney]: Your Honor, at this time I'd like to object to something here that might or might not be in evidence, which it is not, I'm sure, and has not been introduced—

"THE COURT: I don't know what you're talking about,

.     .     .     .     .

"[Trial Attorney]: This.

"THE COURT: Now, you've been drinking. You sit over there—

"[Trial Attorney]: I have not.

"THE COURT: I can smell your breath from there to here. Now, sit down.

"[Trial Attorney]: Is that on the record?

"THE REPORTER: Yes, it is.

"THE COURT: If it isn't, I'll put it on there. Now, you sit down.    .    .    ." (Tr. 104).

At the hearing on Judgment and Sentence the court offered the following for the record:

"I want to—I made a notation and I want to put it into the record because this happened after the jury had retired, in the absence of the reporter who had also left the courtroom. I'll just read what—the note I made here.

"After the jury retired, I talked to both of the defendants before they were taken back to jail to see whether they thought [the Trial Attorney's] drinking had affected his representation of them and whether they were satisfied with the way he had conducted their defense. They both said they were satisfied and were willing for the jury to go ahead and decide the case. If they had been unhappy with [the Trial Attorney], I was going to declare a mistrial.

"That's the way it happened, wasn't it, gentlemen? Isn't that just about the way you remember me saying it to you? (Tr. 128–129).

"  *   *   *

"THE COURT: Well, actually, if he hadn't come to the bench and bent over my bench here to say something to me, whisper to me, I wouldn't know he had been drinking. His breath like to knock me over. But so far as his actions during the trial, I never suspected that he was drinking because he was putting up a very vigorous defense. And that's why I talked to these two defendants to see whether or not there was anything that should have been brought out that he hesitated to bring out or didn't bring out, or if they were unhappy in any way in the way he conducted the defense, and they both said they were satisfied. That's right, isn't it, gentlemen?

"(Both defendants nod their heads.)" (Tr. 130–131).

We have thoroughly examined the trial transcript and conclude the trial court was quite correct in declaring that the trial attorney conducted a vigorous defense. See, *Hatch v. State*, Okl.Cr., 501 P.2d 1396 (1972). It should be noted that the attorney for this appeal was not the attorney who conducted the trial.

Defendant can point to no incidents of prejudice or misconduct resulting from trial counsel's alleged intoxication, and a meticulous examination of the transcript reveals an opposite conclusion; that counsel did the best he could with the facts as presented.

We note that defendant was given an opportunity at trial to complain about his counsel's conduct but indicated satisfaction. We therefore dismiss this assignment of error.

For the above reasons, it is the opinion of this Court that the verdict in the District Court should be, and hereby is, *AFFIRMED.*

BLISS and BRETT, JJ., concur.