Rodney Glenn STOVER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–82–552.

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1984.

 

sessed at six (6) years' imprisonment, and he appeals.

Appellant was arrested from the parking lot of a grocery store on October 4, 1981. His wife was also arrested after appellant tried to load approximately $127 worth of unpaid for merchandise into his automobile. The evidence at trial was that at approximately 9:00 p.m. on the evening in question, appellant pushed the shopping cart he and his wife had loaded with groceries through an empty check-out stand in the store. The sole checker present that evening observed appellant's furtive move to the door. She notified the head clerk present, who followed appellant outside to the parking lot and asked to see a receipt for the merchandise. Appellant remarked that it was in the basket somewhere, and further stated both that he didn't have the groceries sacked in order to save money for the store and also that "they were too good" to pack the groceries. His wife testified at trial that she had her checkbook out and ready to pay for the groceries when arrested, though the State's witnesses testified otherwise.

█ Appellant makes two assignments of error. First, he asserts the trial court should have declared a mistrial when the prosecutor allegedly gave his opinion of appellant's guilt during closing argument. We disagree.

The remark of the prosecutor complained of is:

> Beyond a reasonable doubt, ladies and gentlemen of the jury, this defendant is guilty, and I'm asking you to return a verdict of guilty.

It is well established that both the prosecutor and defense counsel may argue the evidence and inferences thereof from their point of view. *Sheffield v. State,* 481 P.2d 188 (Okl.Cr.1971). We believe that as in the case of *Mills v. State,* 594 P.2d 374 (Okl.Cr. 1979), the prosecutor was simply setting forth his contention that the appellant was guilty as charged according to the evidence, that not being simply a personal opinion. *Id.* at 382. Viewed in context with the

Amos E. Black, III, Anadarko, for appellant.

Michael C. Turpen, Atty. Gen. of Okl., James B. Frank, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

Rodney Glenn Stover was charged with and convicted of Grand Larceny, After Former Conviction of a Felony, in Grady County District Court. Punishment was as-

prosecutor's entire closing argument, there is no error.

The more problematical assignment of error is that appellant did not receive a fair trial due to ineffective assistance of counsel. Appellant was represented by retained counsel. The attorney told the court that he had taken a promissory note in payment of attorney fees from appellant.

Appellant's position is that his counsel was inadequate to represent him because among other things, the attorney did not conduct an exhaustive voir dire, his attorney was unfamiliar with the meaning of bifurcated trials, he directly examined appellant regarding juvenile contacts and a prior felony conviction, he told the jury that initially he did not like the appellant, and he directly examined him about his recent parole.

■ We have repeatedly said that in order to determine a qualitative measurement of the effectiveness of counsel, we must look to counsel's overall performance. *See, e.g., Taylor v. State,* 659 P.2d 362 (Okl.Cr. 1983). The fact that another attorney would have acted differently, or even that certain errors were made is not sufficient to show incompetence or inadequacy of legal representation. *Id. See also, Bruce v. State,* 492 P.2d 1120 (Okl.Cr.1972).

■ We will consider each area complained of to assess adequacy. We note at the outset that appellant received a sentence of six years' imprisonment though the maximum was ten years'. 21 O.S.1981, § 51(A)(2). In spite of the fact that appellant's prior juvenile and felony records were brought before the jury on direct examination, and that he was charged AFCF, the defense was obviously somewhat effective. Appellant was encountered by store personnel as he actually loaded the stolen groceries into his vehicle, and the evidence regarding guilt was overwhelming. Furthermore, a heavy burden is on a defendant to establish inadequate representation which cannot be met by simply pointing out errors of counsel. *Walker v. State,* 550 P.2d 1339 (Okl.Cr.1976).

■ Appellant first complains that trial counsel did not conduct a satisfactory voir dire of potential jurors. Counsel primarily quizzed the jurors as to whether each could give appellant a fair deal, and each said they could. Appellant does not claim that any of the jurors were in fact biased, only that counsel's failure to conduct a more probing voir dire rendered assistance of counsel ineffective.

Voir dire and decisions to challenge jurors is a matter of trial technique. *Walter v. United States,* 386 F.Supp. 309 (W.D.Okl. 1974). We have held repeatedly that representation will not be deemed inadequate because in hindsight, trial strategy could have been different. *Walker,* supra. For these reasons, we find no merit in this assertion of inadequacy.

■ Appellant also complains that defense counsel failed to demur or move for a directed verdict of innocence at the close of the State's evidence. We have no reason to believe such motions should have been granted by the court, and do not believe this was a failure in representation.

■ Next, appellant claims that the fact that his juvenile and adult criminal records were brought out on direct examination indicates incompetency. However, we note that appellant volunteered evidence of his juvenile record in response to a general question of his counsel. We cannot tell from the record whether he was primed to offer this information or not. Since appellant took the witness stand, he was subject to cross-examination regarding the felony conviction. We are not willing to say that direct examination about the conviction was not viable trial strategy. *Id.* In order to put on appellant's only defense, that being mistake of fact, it was almost essential that appellant should testify. The record indicates that the information of the prior felony conviction was being offered to show that appellant had learned his lesson from prior prison experience, and was now a hard-working citizen. Thus, we find no error.

■ We connect little significance to the fact that appellant's attorney was not familiar with the concepts of bifurcated trials. Since appellant took the witness stand to testify in his own defense, and the fact of his prior felony conviction was disclosed, the second stage in the proceedings could have been waived without prejudice. *See* 22 O.S.1981, § 860. A review of the record does not indicate that appellant did incur prejudice as a result of his attorney's ignorance. *See Fabre v. State,* 564 P.2d 252 (Okl.Cr.1977). And in light of the overwhelming evidence of guilt and the fact that the jury recommended a sentence of only 60% of the maximum allowable, we cannot say that the representation of counsel was inadequate on this basis. *See Felts v. State,* 588 P.2d 572 (Okl.Cr.1978).

■ Appellant claims he was prejudiced by his attorney telling the jury that he personally disliked appellant. The following statement was made by his attorney during closing argument:

> We're never going to solve our criminal problems until we solve them in the community; and here we have a young man who is doing his very best to support his wife and family. I disliked him. I told you that. But you can't dislike a person completely when you find he's working twelve (12) hours a day to support his family....

Appellant's attorney made similar comments several times during closing argument. Taken in context, the remarks are innocuous. Rather, they tend to put the appellant in a better light because his attorney grew to respect appellant. These comments do not reflect ineffective assistance of counsel.

■ Appellant complains also that legal representation was inadequate because his attorney asked him on direct examination about his recent parole from prison. A review of the record discloses that his attorney questioned him on how he became qualified for work release and early parole. His attorney appears to have been attempting to elicit from appellant his good conduct record in prison. This is a matter of trial strategy and is not to be second-guessed on hindsight. *Walker,* supra.

We cannot say when we scrutinize counsel's overall performance that it was ineffective; that appellant's attorney did not exercise the skill, judgment, and diligence of reasonably competent defense counsel. *Johnson v. State,* 620 P.2d 1311 (Okl.Cr. 1981).

Having found no error meriting reversal or modification, judgment and sentence is hereby AFFIRMED.

BUSSEY, P.J., concurs.

BRETT, J., specially concurs.

BRETT, Judge, specially concurring.

I concur in this opinion; however, I do not approve of the prosecutor's closing remark cited in the opinion. I will hasten to add however, that it is more flagrant when taken out of context, than it is when read in connection with the entire statement. Considering the evidence of guilt and the sentence assessed by the jury of less than the maximum allowable, I cannot say that appellant was prejudiced. Under other circumstances, this type statement may be sufficient to cause a reversal of the conviction. In this case, however, it is not sufficient to reverse this conviction.