Ed LAWSON, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–189.

Court of Criminal Appeals of Oklahoma.

July 1, 1987.

---

7. *Id.* 54 P.2d at 367.

Mark Barrett, Sp. Counsel, Appellate Public Defenders Office, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Deputy Chief, Criminal Div., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Ed Lawson, was convicted of the crime of First Degree Rape, in the District Court of LeFlore County, in Case No. CRF–83–287 and was sentenced to fifteen (15) years' imprisonment, and he appeals.

On September 17, 1983, appellant drove to Spiro, Oklahoma to see his daughter, M.L. When appellant arrived, M.L. got into his truck and they drove to Flower Hill Strip Pits. After they arrived at the Strip Pits, appellant became angry and threatened to kill M.L. Appellant then ordered her to remove her clothes, and she com-plied because appellant had threatened her with "guns, knives, and everything else" in the past and she was afraid that he had a gun in the truck. After she removed her clothes, appellant produced a camera and took several pictures of M.L. As M.L. started to retrieve her clothing, appellant said that "he wasn't through yet," and then had sexual intercourse with his daughter.

Appellant testified at trial that he called his daughter to visit with her, and that while he and his daughter were talking she produced a box with some photographs in it. He testified that he did not have sexual intercourse with his daughter, and that the penis depicted in State's Exhibit Number 3, which M.L. said was her father's penis, was not his penis.

Dr. Gary Johnston testified that the penis in State's Exhibit 3 is a circumcised penis, and that he had examined appellant and that appellant had not been circumcised. He said that in his opinion the penis in the photograph was not appellant's penis.

The State called Dr. Thomas Pickard as a rebuttal witness, and he testified that depending on the amount of foreskin left on the circumcised male there is sometimes not a great deal of difference between an uncircumcised penis and a circumcised penis.

Helen Isaac, M.L.'s mother, testified that her sister-in-law told her that M.L. had been raped. Wilma Perenter, M.L.'s aunt, testified that M.L. told her she had been raped. Jim Morton, a LeFlore County Sheriff, also testified that M.L. told him that she had been raped. Dr. Rodney Faucett, a doctor of osteopathy, stated at trial that M.L. came to his office on September 17, 1983, and told him that she had been raped and that he found a dried substance resembling semen on M.L.'s pubic hair and a semen-like substance in the vaginal vault.

For his first assignment of error appellant alleges that the State presented insufficient evidence to support the conviction. He first questions whether M.L.'s fear was sufficient to justify any lack of resistance. He also argues that the evi-

dence is insufficient because M.L.'s outward manifestations were of consent. We disagree with this contention.

The resistance which must be exerted by a rape victim depends on the age, strength, surrounding circumstances, and all attending circumstances that make it reasonable for her to do in order to manifest her opposition. *Johnston v. State*, 673 P.2d 844, 847 (Okl.Cr.1983). In the instant case, M.L. testified that appellant had threatened her with weapons before; that he implied that he had a gun; and that he threatened to kill her when they began talking at the Strip Pits. She also stated that she had lived with appellant for several years and had observed him in angry moods before and was afraid of him. M.L. further testified that she believed it would be futile to attempt an escape due to the location of the Strip Pits.

We find that, considering all of the attending circumstances, M.L. manifested the opposition which reasonably could be expected. Moreover, considering the relationship of M.L. and appellant and the fact that he had previously threatened her and that she was afraid of appellant, we are of the opinion that her actions and lack of resistance did not constitute consent. *See Costilla v. State*, 609 P.2d 788 (Okl.Cr.1980); *Boxin v. State*, 565 P.2d 1061 (Okl.Cr. 1977). Therefore viewing the evidence in the light most favorable to the State, we find that a rational trier of fact could have found the essential elements of First Degree Rape beyond a reasonable doubt. This assignment of error is without merit.

■ Appellant next contends that reversible error occurred when the State presented testimony of three witnesses who stated that M.L. told them that she had been raped. However, we note that none of the remarks were objected to at trial; thus, this assignment is waived except for fundamental error. *Tahdooahnippah v. State*, 610 P.2d 808 (Okl.Cr.1980). We have reviewed the record in this case and find no fundamental error. Accordingly, this assignment is meritless.

■ As his third assignment of error appellant asserts that the trial court erred in instructing the jury on the alternative theories of rape-by-force and rape-by-fear without requiring that a substantial majority of the jurors concur in either of the two theories and without the rape-by-force theory being supported by even conclusory evidence. Appellant complains that Instruction Number seventeen (17) tends to blur the distinction in 21 O.S.1981, § 1114(A)(3) between rape-by-fear and rape-by-force. Instruction Number seventeen (17) reads as follows: "The force necessary to constitute an element of rape need not be actual physical force since fear, fright or coercion may take the place of actual physical force."

The appellant's contention that there is a distinction between rape-by-force and rape-by-fear is not warranted under the language of 21 O.S.1981, § 1114(A)(3) which provides that:

A. Rape in the first degree shall include: ...

3. rape accomplished with any person by means of force, violence, or threats of force or violence accompanied by apparent power of execution; ...

We are of the opinion that Instruction Number 17 clearly explains that the jury may find either force or fear was used in establishing the element of the offense. Therefore, we find that Instruction Number 17 was proper, and the trial court did not err in giving the instruction to the jury.

■ In his final assignment of error appellant urges that improper prosecutorial comments during closing argument deprived him of a fair trial. We first observe that none of the comments, except one, were met with a contemporaneous objection. Therefore, all error not of a fundamental nature is waived. *Tucker v. State*, 675 P.2d 459 (Okl.Cr.1984). In the single comment that was objected to, appellant contends that the prosecutor expressed his personal opinion of appellant's guilt. The appellant complains of the following remark:

You've been a very attentive jury, we do appreciate your service, but we do want you to look carefully at this; and

when you do, upon your oaths, it will be your obligation to come back into this Courtroom with a verdict of guilt. (Tr. 245).

We find, after viewing the closing argument in its entirety, that the prosecutor was arguing that appellant was guilty based on the evidence, not his personal opinion. We held a similar comment was proper in *Stover v. State*, 674 P.2d 566 (Okl.Cr.1984); therefore, this assignment of error lacks merit.

The judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.