**Mary Jo ROWE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–87–946.

Court of Criminal Appeals of Oklahoma.

Sept. 14, 1989.

Paula M. Henderson, Oklahoma County Public Defender, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

Appellant, Mary Jo Rowe, was tried by jury and convicted of Escape From a Penal Institution (21 O.S. Supp.1986, § 443), in Oklahoma County District Court, Case No. CRF–87–407, before the Honorable Jack Parr, District Judge. The jury set punishment at seven (7) years imprisonment. Judgment and sentence was imposed accordingly. We affirm.

Appellant escaped from the Mabel Bassett Correctional Center in Oklahoma City sometime between 12:45 p.m. and 4:30 p.m. on January 25, 1987. Appellant was apprehended in Moore, Oklahoma, in early March, 1987.

■ Appellant first claims the trial court erred in failing to determine the voluntariness of her confession before submitting it to the jury as required by *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). During trial, defense counsel moved to suppress any statement made by appellant two and one-half hours after she was given *Miranda* warnings, based solely on the fact that such warnings were not reread immediately preceding the statements. We reaffirm our recent rejection of a similar argument. *See Hammer v. State*, 760 P.2d 200, 202–03 (Okla.Crim. App.1988). At no point did defense counsel challenge admission of the confession on voluntariness grounds at trial. Absent a timely specific objection at trial, this issue has not been properly preserved for appellate review. *See* 12 O.S.1981, § 2104(A)(1). Appellant does not claim, nor do we find, plain error under 12 O.S.1981, § 2104(D). A defendant is not entitled to

> a new hearing on the voluntariness issue, in either the federal or state courts, merely because he can point to shortcomings in the procedures used to decide the issue of voluntariness in the state courts. Our decisions make clear that he must also show that his version of events, if true, would require the conclusion that his confession was involuntary.

*Procunier v. Atchley*, 400 U.S. 446, 451, 91 S.Ct. 485, 488, 27 L.Ed.2d 524 (1971). Appellant has failed to set forth "facts which, if true, would establish that [she] had been deprived of constitutional rights by the use of an involuntary confession." *Id.* at 451, 91 S.Ct. at 488. "The other evidence of guilt presented at trial, moreover, was substantial to a degree that would negate any possibility of actual prejudice resulting to the [appellant] from the admission of h[er] inculpatory statement." *Wainwright v. Sykes*, 433 U.S. 72, 91, 97 S.Ct. 2497, 2509, 53 L.Ed.2d 594 (1977). This claim is meritless.

■ Appellant next contends her confession was inadmissible because police officers questioned appellant two and one-half hours after reading her *Miranda* warnings, without repeating such warnings. We reject this contention for the reasons given in *Hammer*, 760 P.2d at 202. Even assuming *arguendo* that admission of the confession was improper, we find any error harmless beyond a reasonable doubt. *See Coleman v. State*, 668 P.2d 1126, 1132 (Okla.Crim.App.1983).

The judgment and sentence is AFFIRMED.

LANE, V.P.J., and BRETT and LUMPKIN, JJ., concur.

BUSSEY, J., not participating.