LEE v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:LEE v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 LEE v. STATE
2018 OK CR 14
Case Number: F-2016-968
Decided: 05/31/2018
GLENDELL DEWAYNE LEE, Appellant v. STATE OF OKLAHOMA, Appellee.
Cite as: 2018 OK CR 14, __ __

 

 

S U M M A R Y O P I N I O N 

LUMPKIN, PRESIDING JUDGE:

¶1 Appellant Glendell Dewayne Lee was tried by jury and convicted of Shooting with Intent to Kill (Counts I and II) (21 O.S.2011, § 652(A)); Robbery with a Firearm (Count III) (21 O.S.2011, § 801); and Possession of a Firearm After Former Conviction of a Felony (Count IV) (21 O.S.Supp.2014, § 1283) in the District Court of Tulsa County, Case No. CF-15-2282. The jury recommended as punishment imprisonment for one hundred (100) years in each of Counts I and II and for life in each of Counts III and IV. The trial court sentenced accordingly, ordering the sentences to run consecutively. It is from this judgment and sentence that Appellant appeals.

¶2 Appellant raises the following propositions of error in support of his appeal:

I. The trial court committed plain error by giving an incomplete jury instruction on the 85% Rule.

II. Prosecutorial misconduct deprived Appellant of a fair trial.

III. Appellant was deprived of the effective assistance of counsel.

IV. Cumulative error deprived Appellant of a fair trial.

¶3 After thorough consideration of these propositions and the entire record before us on appeal including the original record, transcripts, and briefs of the parties, we have determined that under the law and the evidence the judgment of guilt should be affirmed but the case should be remanded for sentencing on all counts.

¶4 In Proposition I, we review for plain error Instruction No. 36 setting forth the 85% Rule. See Daniels v. State, 2016 OK CR 2, ¶ 3, 369 P.3d 381, 383. Under the plain error test set forth in Simpson v. State, 1994 OK CR 40, ¶¶ 10, 26, 30, 876 P.2d 690, 694, 699, 701 this Court determines whether the appellant has shown an actual error, which is plain or obvious, and which affects his or her substantial rights. This Court will only correct plain error if the error seriously affects the fairness, integrity or public reputation of the judicial proceedings or otherwise represents a miscarriage of justice. Id. See Hogan v. State, 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923. See also Jackson v. State, 2016 OK CR 5, ¶ 4, 371 P.3d 1120, 1121; Levering v. State, 2013 OK CR 19, ¶ 6, 315 P.3d 392, 395.

¶5 In Counts I, II, and III the trial court gave the jury a modified version of the uniform instruction which incorrectly stated that the 85% Rule applied only to life sentences. The court's failure to give the full uniform instruction was error. See Marquez-Burrola v. State, 2007 OK CR 14, ¶ 26, 157 P.3d 749, 758. The error was obvious and affected Appellant's substantial rights because it was as if the court did not instruct at all on the 85% Rule in Counts I and II, despite the fact they were 85% crimes. Further, when combined with the prosecutor's misstatement that a life sentence was forty-five (45) years (see Proposition II), we find Appellant's substantial right to a fair sentencing were denied. We find this plain error seriously affected the fairness and integrity of the proceedings. Therefore, we find the appropriate remedy is to remand the case to the District Court for resentencing on all counts.

¶6 In Proposition II, we review Appellant's claims of prosecutorial misconduct for plain error under the standard set forth above. See Malone v. State, 2013 OK CR 1, ¶ 40, 293 P.3d at 211; Simpson, 1994 OK CR 40, ¶¶ 10, 26, 30, 876 P.2d at 694, 699, 701. We evaluate alleged prosecutorial misconduct within the context of the entire trial, considering not only the propriety of the prosecutor's actions, but also the strength of the evidence against the defendant and the corresponding arguments of defense counsel. Mitchell v. State, 2010 OK CR 14, ¶ 97, 235 P.3d 640, 661; Cuesta-Rodriguez v. State, 2010 OK CR 23, ¶ 96, 241 P.3d 214, 243.

¶7 During his cross-examination of Appellant, the prosecutor briefly referred to hearsay statements made by one of the victims not present at trial regarding his description of the shooter and previously excluded by the trial court. Any error in this line of questioning does not constitute plain error as it did not affect Appellant's substantial rights. The trial court had already admonished the jury not to consider the hearsay statements and the trial court reminded the jury of this admonishment during closing argument. Given the weight of the evidence against Appellant the error did not deny him a fair trial.

¶8 Further, during closing argument, the prosecutor argued in part:

The jury form tells you that if you put life in prison, that the law calls that 45 years. But you send a message to Mr. Lee that you never want him out of prison. So on those verdict forms for Counts 3 and 4, the robbery and the firearm, you put on there life. But for Count 1 and for Count 2, you put one thousand years. And you make it clear that he will never get out of prison again. And you tell those boys that the law is here for them too. Thank you.

¶9 Defense counsel did not raise an objection to the comment. Therefore we review for plain error under the standard set forth in Simpson. 

¶10 Telling the jury that a life sentence is forty-five (45) years in prison is a misstatement of the law. See Anderson v. State, 2006 OK CR 6, ¶ 24, 130 P.3d 273, 282-283 (a defendant can be considered for parole eligibility after serving 85% of 45 years).[1] This misstatement of the law does not always require relief. See Florez v. State, 2010 OK CR 21, ¶ 9, 239 P.3d 156, 159. However, when combined with the incorrect 85% instructions given in this case (addressed in Proposition I) and the prosecutor's request for a 1,000 year sentence in each of Counts I and II, the misstatement regarding the length of a life sentence likely could have contributed to the 100 year verdicts returned by the jury. Therefore, in light of the incorrect 85% instruction and the prosecutor's misstatements, the case should be remanded to the District Court for resentencing on all counts.

¶11 In Proposition III, we review Appellant's claims of ineffective assistance of counsel under the standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to show that counsel was ineffective, Appellant must show both deficient performance and prejudice. Goode v. State, 2010 OK CR 10, ¶ 81, 236 P.3d 671, 686 citing Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. See also Marshall v. State, 2010 OK CR 8, ¶ 61, 232 P.3d 467, 481. In Strickland, the Supreme Court said there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional conduct, i.e., an appellant must overcome the presumption that, under the circumstances, counsel's conduct constituted sound trial strategy. Goode, 2010 OK CR 10, ¶ 81, 236 P.3d at 686. To establish prejudice, Appellant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at ¶ 82, 236 P.3d at 686.

¶12 Appellant first asserts trial counsel was ineffective in eliciting testimony regarding Appellant's prior criminal record. Having thoroughly reviewed Appellant's multiple complaints of ineffectiveness in regards to evidence of his criminal history, we find Appellant has failed to show counsel was either ineffective or that he was prejudiced.

¶13 The record shows that Appellant had an extensive criminal history and trial counsel chose to present that history to the jury through Appellant rather than waiting for the State to bring it out as impeachment. (The prosecutor had informed defense counsel that he would impeach the defendant with his criminal history). It is well established defense strategy to have the defendant testify to his own prior criminal history in an attempt to ease the blow of any future impeachment by the State.

¶14 Further, evidence of Appellant's criminal history was offered to explain why he did not call the police immediately after allegedly witnessing a shooting and during the eight months that followed. The decision to highlight Appellant's prior criminal history in an attempt to explain his distrust and hesitancy in calling the police despite witnessing a shooting was reasonable trial strategy under the facts of this case. This Court will not second-guess matters concerning trial strategy if there is a reasonable basis for counsel's actions. Turrentine v. State, 1998 OK CR 33, ¶ 41, 965 P.2d 955, 971. "So long as the choices are informed ones, counsel's decision to pursue one strategy over others is 'virtually unchallengeable.'" Jones v. State, 2006 OK CR 5, ¶ 78, 128 P.3d 521, 545 citing Strickland, 466 U.S. at 690--91, 104 S.Ct. at 2066. That the strategy ultimately proved unsuccessful is not grounds for branding counsel ineffective. Turrentine, 1998 OK CR 33, ¶ 41, 965 P.2d at 971.

¶15 Appellant also complains about the wording of some of trial counsel's questioning. The fact that appellate counsel would have worded questions to Appellant differently than trial counsel is not grounds for a finding of ineffectiveness absent some showing of prejudice. See Shultz v. State, 1991 OK CR 57, ¶ 9, 811 P.2d 1322, 1327 ("[t]he fact that another lawyer would have followed a different course during the trial is not grounds for branding the appointed attorney with the opprobrium of ineffectiveness, or infidelity, or incompetency. Absent a showing of incompetence, the Appellant is bound by the decisions of his counsel and mistakes in tactic and trial strategy do not provide grounds for subsequent attack" (internal citation omitted). "Counsel's decision not to ask different questions, or ask questions in a different way, will not be second guessed." Underwood v. State, 2011 OK CR 12, ¶ 87, 252 P.3d 221, 253.

¶16 Counsel's questioning regarding Appellant's "charges" instead of "convictions" and juvenile record was limited. Appellant's contact with the criminal justice system as a juvenile was only briefly referenced and minimal facts were discussed. In light of the strong evidence of Appellant's guilt, he has failed to show how he was prejudiced by the brief discussion of his juvenile record.

¶17 "We have held repeatedly that representation will not be deemed inadequate because in hindsight, trial strategy could have been different." Stover v. State, 1984 OK CR 14, ¶ 10, 674 P.2d 566, 568. "While Appellant may wish trial counsel had done things differently, '[e]ven the best criminal defense attorneys would not defend a particular client in the same way.'" Bland v. State, 2000 OK CR 11, ¶ 122, 4 P.3d 702, 732 quoting Strickland, 466 U.S. at 689, 104 S.Ct. at 2065. Appellant has not shown that but for counsel's introducing his prior criminal history, there is a reasonable probability that the results of the trial would have been different.

¶18 Appellant also argues that counsel was ineffective for failing to object to a question posed to him by the prosecutor regarding both victims having picked Appellant's photo out of a photo lineup. The record shows that only one of the two victims picked Appellant's photo out of a lineup. For the prosecutor to misstate the evidence and intimate that both victims picked Appellant out of a photo lineup was error and should have drawn an objection from defense counsel. However, given the weight of evidence against Appellant, he has failed to show a reasonable probability that but for counsel's failure to object, he would have been found not guilty on all counts.

¶19 Appellant further contends counsel was ineffective for failing to object to Instruction No. 36, misstating the 85% Rule, and for failing to object to the prosecutor's misstatement regarding the length of a life sentence. Appellant has failed to show he suffered any prejudice in the guilt/innocence portion of his trial by counsel's omissions as the errors identified in this opinion affected only sentencing. Our remand for resentencing on all counts sufficiently cures any sentencing stage prejudice.

¶20 In his final proposition of error, Appellant argues the accumulation of errors denied him a fair trial. This Court has repeatedly held that a cumulative error argument has no merit when this Court fails to sustain any of the other errors raised by Appellant. Martinez v. State, 2016 OK CR 3, ¶ 84, 371 P.3d 1100, 1119; Williams v. State, 2001 OK CR 9, ¶ 127, 22 P.3d 702, 732. However, when there have been numerous irregularities during the course of a trial that tend to prejudice the rights of the defendant, reversal will be required if the cumulative effect of all the errors is to deny the defendant a fair trial. Martinez, 2016 OK CR 3, ¶ 84, 371 P.3d at 1119.

¶21 The errors identified in Propositions I and II regarding the incorrect 85% Rule instruction and the prosecutor's misstatement of the length of a life sentence impacted only sentencing. The guilt/innocence portion of the trial was not impacted and remanding the case for resentencing is the only relief warranted.

DECISION

¶22 The JUDGMENT is AFFIRMED. The case is REMANDED FOR RESENTENCING ON ALL COUNTS. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2018), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE WILLIAM D. LAFORTUNE, DISTRICT JUDGE

 
 
 
 APPEARANCES AT TRIAL
 
 
 APPEARANCES ON APPEAL
 
 
 
 
 SOFIA JOHNSON
 GLEN BLAKE
 TULSA COUNTY PUBLIC DEFENDER'S OFFICE
 423 SOUTH BOULDER, STE. 300
 TULSA, OK 74103
 COUNSEL FOR DEFENDANT
  
 
 
 RICHARD COUCH
 TULSA COUNTY PUBLIC DEFENDER'S OFFICE
 423 SOUTH BOULDER, STE. 300
 TULSA, OK 74103
 COUNSEL FOR APPELLANT
  
 
 
 
 
 STEVE KUNZWEILER
 DISTRICT ATTORNEY
 ISAAC SHIELDS
 MARK MORGAN
 ASSISTANT DISTRICT ATTORNEYS
 TULSA COUNTY COURTHOUSE
 500 SOUTH DENVER
 TULSA, OK 74103
 COUNSEL FOR THE STATE
 
 
 MIKE HUNTER
 ATTORNEY GENERAL OF OKLAHOMA
 TESSA L. HENRY
 ASSISTANT ATTORNEY GENERAL
 313 N.E. 21ST ST.
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR THE STATE
 
 
 

OPINION BY: LUMPKIN, P.J.
LEWIS, V.P.J.: Concur in Part Dissent in Part
HUDSON, J.: Concur
KUEHN, J.: Concur
ROWLAND, J.: Concur

FOOTNOTES

[1] Lawyers continue to confuse the punishment set out in our statutes with the administrative rules of the Pardon and Parole Board. Under our penal statutes, a life sentence means the natural life of the offender. The fact that the Pardon and Parole Board has arbitrarily set forty-five (45) years as the number the Board will use to comply with the "Forgotten Man Act", 57 O.S.Supp.2013 § 332.7, does not affect the actual sentence; that number affects only when the Board will consider the inmate for purposes of parole.

LEWIS, VICE PRESIDING JUDGE, CONCURRING IN PART AND DISSENTING IN PART:

¶1 I would affirm and not remand for resentencing. While there was a clear misstatement of the law, under the facts of this case, it was harmless error.

 






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1991 OK CR 57, 811 P.2d 1322, SCHULTZ v. STATE
Discussed
 1994 OK CR 40, 876 P.2d 690, SIMPSON v. STATE
Discussed at Length
 2001 OK CR 9, 22 P.3d 702, 72 OBJ 1068, WILLIAMS v. STATE
Discussed
 2006 OK CR 5, 128 P.3d 521, JONES v. STATE
Discussed
 2006 OK CR 6, 130 P.3d 273, ANDERSON v. STATE
Discussed
 2006 OK CR 19, 139 P.3d 907, HOGAN v. STATE
Discussed
 2007 OK CR 14, 157 P.3d 749, MARQUEZ-BURROLA v. STATE
Discussed
 2010 OK CR 8, 232 P.3d 467, MARSHALL v. STATE
Discussed
 2010 OK CR 10, 236 P.3d 671, GOODE v. STATE
Discussed at Length
 2010 OK CR 14, 235 P.3d 640, MITCHELL v. STATE
Discussed
 2010 OK CR 21, 239 P.3d 156, FLOREZ v. STATE
Discussed
 2010 OK CR 23, 241 P.3d 214, CUESTA-RODRIGUEZ v. STATE
Discussed
 2011 OK CR 12, 252 P.3d 221, UNDERWOOD v. STATE
Discussed
 2013 OK CR 1, 293 P.3d 198, MALONE v. STATE
Cited
 2013 OK CR 19, 315 P.3d 392, LEVERING v. STATE
Discussed
 2016 OK CR 2, 369 P.3d 381, DANIELS v. STATE
Discussed
 2016 OK CR 3, 371 P.3d 1100, MARTINEZ v. STATE
Discussed at Length
 2016 OK CR 5, 371 P.3d 1120, JACKSON v. STATE
Discussed
 2000 OK CR 11, 4 P.3d 702, 71 OBJ 1304, Bland v. State
Discussed
 1998 OK CR 33, 965 P.2d 955, 69 OBJ 2028, Turrentine v. State
Discussed at Length
 1984 OK CR 14, 674 P.2d 566, STOVER v. STATE
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 652, Shooting with Intent to Kill - Assault and Battery with Deadly Weapon, etc.
Cited
 21 O.S. 801, Robbery or Attempted Robbery with Dangerous Weapon or Imitation Firearm - Punishment
Cited
 21 O.S. 1283, Convicted Felons and Delinquents
Cited
Title 57. Prisons and Reformatories
 Cite
Name
Level

 57 O.S. 332.7, Persons Eligible for Consideration for Parole - Inquiry - Recommendation to Governor
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA